WILLIAM C. THOMPSON *vs.* CHARLES L. HEYWOOD & another.

Suffolk. March 17. — Sept. 11, 1880. AMES & LORD, JJ., absent.

One who undertakes to execute a power of sale in a mortgage is bound to the observance of good faith, and to a careful regard for the interests of the mortgagor; and a mere literal compliance with the terms of the power is not enough.

If the owner of the equity of redemption of land purchases at a sale made in pursuance of a power contained in a mortgage, and the sale is invalid on account of the fraud of the mortgagee participated in by the purchaser, he cannot, as against a subsequent mortgagee, set up title through the prior mortgage, but this will be deemed to have merged.

Land was sold under a power contained in a mortgage to the owner of the equity of redemption. At the hearing, on a bill in equity brought by a subsequent mortgagee praying that the sale should be set aside on account of fraud, and for further relief, there was evidence of fraud participated in by the purchaser, and that he was removing gravel from the land. *Held*, that the plaintiff was entitled, under the prayer for further relief, to a decree to restrain the owner of the equity from removing the gravel.

BILL IN EQUITY, filed April 22, 1879, against Charles L. Heywood and Augustus N. Loring, alleging that, on November 20, 1874, Sarah W. Worster mortgaged to the plaintiff certain parcels of land in Revere, to secure the payment of $5000 and interest in three years from that date, which mortgage was still unsatisfied; that, when the plaintiff took his mortgage, the land was subject to three prior mortgages, the first of which was for $3000 to Elijah A. Shaw, which was assigned to the defendant Loring on October 10, 1874; that the defendant Heywood was the owner of the equity of redemption in said land, having acquired title thereto by two conveyances, one in January 1875, and the other in March 1876, both of which conveyances referred to the mortgages, including the plaintiff's, as still outstanding, and recited that Heywood agreed to pay the same.

The bill further alleged that, on May 25, 1878, Loring executed a deed of the premises to Heywood, purporting to convey the land absolutely to Heywood, as the purchaser of the same by public auction, in execution of the power of sale contained in the first mortgage, of which Loring was the assignee; that the only public notice of the sale was by an advertisement in a paper called the Boston Home Journal, published in that part

of Boston formerly Roxbury, having a very limited circulation, and no circulation in Revere, or in Lynn, where the plaintiff lived; that the sale took place at eight o'clock in the morning, and no one was present except Heywood, the auctioneer and one Rufus A. Johnson, the person who conveyed the equity of redemption in the land to Heywood; that the land was struck off to Heywood for $3023, when in fact its value was from $10,000 to $15,000; that Loring had nothing to do with conducting the sale or with giving the notices of it, which matters were attended to by Heywood; that the plaintiff had no knowledge of the sale until April 8, 1879; and that Heywood was not a purchaser in good faith.

The prayer of the bill was that the sale and conveyance to Heywood might be set aside; that the defendants be ordered to assign the first mortgage to the plaintiff upon his paying what, if anything, might be due thereon; and for further relief.

Heywood filed an answer denying that he had anything to do with conducting the sale, and averring that he was a purchaser at the sale in good faith. Loring also filed an answer averring that he sold his mortgage to Heywood for the amount of the principal and interest due thereon; that he knew nothing about any sale under the power contained in his mortgage; and that he acted in good faith.

At the hearing, before *Ames*, J., it appeared that the record title of the parties to the land in question was as set forth in the bill; that Johnson, while he held the equity of redemption under a deed in which he assumed to pay the mortgages then outstanding, purchased the second and third mortgages; that the sale was in literal compliance with the terms of the power contained in the mortgage held by Loring, and was made soon after eight o'clock in the morning of May 25, 1878; and that the circulation of the paper in which the advertisements of the sale were made was as stated in the bill. There was also evidence that the hour fixed for the sale was an unseasonable one; and that there was but one person present at the sale besides those named in the bill; that Johnson caused the notices of the sale to be advertised with Heywood's knowledge; that Heywood paid for the advertisements; and that the plaintiff's knowledge of the sale was as stated in the bill. Loring testified that he

knew nothing about the sale, did not authorize Johnson to adver-
tise the land for sale, and supposed, when he signed the deed
purporting to convey the land in execution of the power con-
tained in his mortgage, that he was merely assigning his mort-
gage. Johnson testified that he acted with Loring's knowledge,
and as his agent, and that there was no collusion between Hey-
wood and himself. Heywood testified that Johnson did not act
as his agent, and that he bought the land in good faith. It also
appeared in evidence that Heywood was removing gravel from
the land.

The judge ordered a decree to be entered that the power of
sale under the mortgage held by Loring was not duly executed,
and was of no validity as against the plaintiff; that the payment
by Heywood to Loring of the amount secured by the mortgage
extinguished the same; and that the defendants discharge the
mortgage upon the record, or by deed or release; that Heywood
was not entitled to set up the second and third mortgages by
reason of the conveyances to him from Johnson; and that Hey-
wood be enjoined from removing gravel from the land. Heywood
appealed to the full court, where the case was heard on the bill,
answer, and a full report of the evidence.

*J. Fox,* (*C. Allen* with him,) for the plaintiff.

*E. Avery & G. M. Hobbs,* for Heywood.

SOULE, J. One who undertakes to execute a power of sale
is bound to the observance of good faith, and to a careful regard
for the interest of his principal. A mere literal compliance with
the terms of the power is not enough. And though a stranger
to his proceedings, finding them regular in form, and purchas-
ing in good faith, and who has paid value for the premises,
might not be affected by his unfaithfulness, no one who partici-
pated with him in attempting to execute the power, without
regard to the interest of the principal, is entitled to reap any
benefit from such fraudulent conduct. *Montague* v. *Dawes,* 14
Allen, 369. *Roche* v. *Farnsworth,* 106 Mass. 509. *Drinan* v.
*Nichols,* 115 Mass. 353.

Upon the evidence in the case, the power of sale in the
mortgage held by Loring was not executed in good faith, and
Heywood, the purchaser at the sale, participated in the attempt
to make the sale as private as possible, by publishing the notice

in a paper which did not circulate in the region about the mortgaged premises, by fixing the sale at an unreasonably early hour in the morning, and by going through the form of an auction sale, when the absence of bidders made it manifest that a due regard for the interest of the principal required a postponement, and further and more public notice. The decree, so far as it declared the attempted foreclosure of the Loring mortgage to be void, cannot, therefore, be disturbed.

The decree was right, further, in ordering that the payment by Heywood of the amount of the Loring mortgage should be taken and regarded as an extinguishment of that mortgage. He was the owner of the equity of redemption of the plaintiff's mortgage, under a conveyance in which he had undertaken to pay all the mortgages on the land. Any payment of either of the mortgages by him must be regarded as extinguishing such mortgage, without regard to the form of the instrument by which the mortgagee may have attempted to transfer his interest to the owner of the equity. *McCabe* v. *Swap*, 14 Allen, 188. *Putnam* v. *Collamore*, 120 Mass. 454.

On the same principle, the mortgages which were paid by Johnson, while he held the equity of redemption under a deed in which he undertook to pay the mortgages, were extinguished, and cannot be set up against the plaintiff, by Heywood.

The defendant Heywood was properly enjoined against removing gravel from the land. The fact that he was doing so was brought out in the evidence, and the prayer of the bill, which is not only that the sale be set aside, and that the defendant be restrained from making any conveyance of the premises or any assignment of the Loring mortgage, but for such other and further relief as may seem meet, is broad enough to be a foundation for this part of the decree.          *Decree affirmed, with costs.*