BENJAMIN J. BRIGGS *vs.* ALFRED BRIGGS.

Plymouth.   Oct. 17, 1882. — Sept. 6, 1883.   C. ALLEN, COLBURN & HOLMES, JJ., absent.

The holder of two mortgages on a parcel of land advertised it for sale, under the powers of sale in the mortgages, in a newspaper which had no circulation in the town where the land was situated.   The notices of sale, although published for three successive weeks, were published, one only eleven days, and the other only twelve days, before the time fixed for the sale.   The notices failed to attract bidders.   There were only a few persons present at the sales, and they were all there in the interest of the holder of the mortgages, or upon a verbal notice of the sale from him.   Notice was not given to the mortgagor, although he had notice of one of the sales, and he was not present.   Only one or two bids were made besides that of the holder of the mortgages, who became the purchaser for much less than the value of the premises.   *Held*, on a bill in equity to redeem the land from the mortgages, that the holder of the mortgages, in executing the powers of sale, failed to protect properly the interests of the mortgagor; and that the mortgagor was entitled to a decree in his favor.

At the hearing of a bill in equity to redeem land from a mortgage, which has been sold under a power of sale contained in the mortgage, evidence of a general repute that the sale was to take place is not admissible on the issue whether due notice was given.

BILL IN EQUITY, filed February 4, 1881, to redeem a parcel of land in Rochester, in this county, from two mortgages.   The case was referred to a master, whose report was in substance as follows:

The first mortgage was made on December 9, 1875, and was from the plaintiff to the defendant, of one undivided half of the land, for $600, payable on demand, with interest at the rate of six per cent.   The plaintiff's wife released dower.   The second mortgage was dated January 15, 1877.   It was from the plaintiff to John T. Atsatt and son, and was a mortgage of the whole

farm for $150, payable in three months, with interest at the rate of fifteen per cent until the principal should be paid. The wife did not release her dower. On September 20, 1877, John T. Atsatt and son assigned this mortgage to the defendant. Some time afterwards, it was discovered that this assignment was not under seal, and another assignment was made by the same persons to the defendant, on March 4, 1879. No part of the principal or interest of either mortgage has been paid.

An entry was made to foreclose the first mortgage on February 26, 1879, and the certificate was duly recorded on February 28, 1879. Another entry to foreclose the second mortgage was made on April 10, 1879, and the certificate was duly recorded on April 12, 1879. Prior to these entries, and on or about January 1, 1878, the defendant made a demand on the plaintiff for payment of both mortgages.

The defendant advertised the farm for sale, for breach of the condition of the first mortgage, in the Taunton Daily Gazette, a newspaper published in Taunton, in the county of Bristol. The sale was advertised to be on March 12, 1879. The notice was published on March 1, 3 and 10, 1879.

The defendant advertised the farm for sale again, for breach of the condition of the second mortgage, in said Taunton Daily Gazette. The sale was advertised to be on April 23, 1879. The notice was published on April 11, 14 and 21, 1879.

A sale was made on March 12, 1879, and the defendant was the purchaser for the sum of $350. Another sale was made on April 23, 1879, and the defendant was the purchaser for $350.

The plaintiff sought to have these sales set aside, because the defendant in making them acted fraudulently, because twenty-one days' notice was not given, as required by the St. of 1877, c. 215, and because the defendant did not use such care and diligence to protect the rights of the mortgagor as are required of a mortgagee.

At the time these sales were made no newspaper was published in the town of Rochester, and the St. of 1877, c. 215, was not applicable to the case. Each mortgage required the mortgagee to give "notice of the time and place of sale once in each of three successive weeks in some newspaper printed in the county of Bristol." This was done before each sale.

At the date of the first sale the plaintiff was living in Marion, in Plymouth county, and the defendant in Norton, in Bristol county; and at the date of the second sale the plaintiff was living in Rochester and the defendant in Norton.

The Taunton Daily Gazette had little or no circulation in the town of Rochester in March and April, 1879. Before each sale, the defendant posted a notice cut from the Gazette on the corner of the barn on the mortgaged premises; one on a guide-board at North Rochester, some three miles distant; one in a store in Precinct, some ten or twelve miles distant; one near the Bell Schoolhouse in Lakeville; two on the road between Taunton and Norton; and two in Norton. He also informed a number of persons in Norton and Attleborough of the times and places of the sales, and he also notified a few persons in Rochester.

The value of the farm which was mortgaged was, in March and April, 1879, $1500; of one undivided half, $650; and of an undivided half without a release of the right of dower, $500.

The defendant in giving the notices and making the sales did not intend to defraud the plaintiff, and there was no actual fraud on his part.

At the sale on March 12, 1879, but few people attended, and there was but one bid besides that of the defendant; and, when the defendant found that the publication and notices given by him produced this result, it was his duty to adjourn the sale, and by proceeding with it he failed to protect properly the rights and interests of the mortgagor.

At the sale on April 23, 1879, there was about the same attendance. There were but two bids besides that of the defendant, one for $200 and one for $250. When for the second time the defendant found that the publication he had made and the notices he had given led to the same result as at the first sale, he should have adjourned the sale; and, by proceeding with it, he failed to protect properly the rights and interests of the mortgagor.

The plaintiff had notice of the first sale, but not of the second.

Alden Rounseville, a witness called by the defendant, was asked by him this question: " State whether the fact of both

sales and the time they were to take place was generally known and discussed in your neighborhood before the sales took place." The plaintiff objected to the question, and it was excluded.

George B. Ashley, a witness called by the defendant, was asked by him this question: " Was it a matter of general repute and notoriety that both of these auction sales were to take place before they did take place? " This was objected to by the plaintiff, and excluded.

If, in the opinion of the court, the plaintiff was entitled to redeem, the master found that there was due from the plaintiff to the defendant the sum of $1142.67.

The case was then heard by *Field*, J., on the report and the defendant's exceptions thereto. A decree was entered for the plaintiff; and the defendant appealed to the full court.

*S. M. Thomas*, for the defendant.

*T. Weston, Jr.*, for the plaintiff.

W. ALLEN, J. The master correctly found that the defendant failed, in both sales of the mortgaged land, properly to protect the rights and interests of the plaintiff. The publications of notice were in a newspaper which had no circulation in the town where the land was situated, and, although made in three successive weeks, the first publication of one sale was only eleven days, and of the other only twelve days before the sale advertised. The notice failed to attract bidders. The few persons present at the sales were all there in the interest of the defendant, or upon a verbal notice of the sale from him. Notice was not given to the plaintiff, and he was not present. Only one or two bids besides the defendant's were made, and those evidently by persons who did not expect to be purchasers. The defendant was himself the purchaser for much less than the value of the premises.

In executing the powers of sale, the defendant acted as trustee and agent for the plaintiff, and it was his duty, if he would himself be the purchaser, not only to conform to the terms of the powers, but to use the utmost good faith and diligence to protect the interests of his principal. It was obvious that sufficient notice of the sales to protect the interests of the plaintiff had not been given, and the defendant should have adjourned the sales and given further notice. *Montague* v. *Dawes*, 14 Allen,

369.   *Dexter* v. *Shepard*, 117 Mass. 480.   *Roche* v. *Farnsworth*, 106 Mass. 509.   *Drinan* v. *Nichols*, 115 Mass. 353.   *Thompson* v. *Heywood*, 129 Mass. 401.

The fact found by the master, that the plaintiff had notice of the first sale, is not material.   Notice to the plaintiff would not have excused the defendant for proceeding with the sale, under the circumstances disclosed in the evidence; but it does not appear that the plaintiff had reasonable notice, or that he neglected anything that he could have done for his own protection.

The questions put to the witnesses Rounseville and Ashley were properly excluded by the master.   A general repute that the sales were to take place was not evidence of a general knowledge that notices of the sales had been given, or of the fact that such notices had been published.     *Decree affirmed.*