GRACE STEVENSON *vs.* SAMUEL HANO & others.

Suffolk.   January 31, 1889. — March 1, 1889.

Present: MORTON, C. J., FIELD, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Mortgage — Foreclosure — Advertisement of Sale — Fraud — Costs.*

Notice, proper in form, of a sale to foreclose a mortgage under a power contained therein, duly published in a newspaper which technically answers the requirements of the mortgage, is sufficient as against a purchaser for value at the sale, who is a stranger to the mortgagee, receives his deed before any complaint is made to him, and has had no notice of a want of due care on the part of the seller.

Land to be sold under a power of sale contained in a mortgage consisted of an unoccupied lot of moderate value in a city suburb, more likely to attract purchasers from the neighborhood than metropolitan capitalists. The mortgagee after requesting payment had caused advertisement of notice of the time and place of sale to be made in a suburban newspaper, with a small circulation, which was published nearest the land, and was read among the neighbors; and from nine to twelve persons were at the sale, of whom several were bidders. *Held,* that the advertisement of the sale was sufficient, and that the mortgagee was under no obligation to adjourn the sale.

BILL IN EQUITY, against Samuel Hano, the Framingham Savings Bank, and Isaac Pratt, Jr., to redeem a parcel of land in that part of Boston called Allston from a mortgage given by the plaintiff's grantor containing a power of sale, which recited that upon breach of condition the mortgagee or his assigns might sell the granted premises "by public auction in said Boston, on the premises, first publishing a notice of the time and place of sale once each week for three successive weeks in some one newspaper published in said Boston, and may convey the same by proper deed or deeds to the purchaser or purchasers absolutely."

The case was heard by *Field*, J., who dismissed the bill, with costs; and the plaintiff appealed to the full court. The facts appear in the opinion.

*E. C. Gilman & C. M. Barnes*, for the plaintiff.

*S. J. Elder*, for Hano and Pratt.

*W. Adams*, for the savings bank.

HOLMES, J. This is a bill brought to set aside a sale under a power in a mortgage, charging fraud and combination to sacrifice the land between the defendants Hano, the purchaser at the sale, and the Framingham Savings Bank, the mortgagee. The defendant Pratt purchased after the bill was filed, and with notice of the suit. The judge who heard the case found for the defendants, and dismissed the bill.

The sale took place on July 16, 1887. It was advertised three successive weeks, viz. June 18 and 25, and July 2. No question is made as to the form or times of advertisement, but it is said that the newspaper selected was not a proper one. The newspaper was the Brighton Item, a paper published in Brighton, a part of Boston. Therefore it was " one newspaper published in said Boston," and technically answered the requirements of the deed. That was all that was necessary as against Hano, a purchaser for value and a stranger to the mortgagee, who had received his deed before any complaint was made to him, unless he had notice of a want of due care on the part of the sellers. It would not be for the interest of mortgagors to subject purchasers to a postponed liability to have their purchase ripped up if a jury should subsequently find that the seller, without their knowledge, had been guilty of some want of care in advertising the sale. *Montague* v. *Dawes*, 14 Allen, 369, 373.

*Burns* v. *Thayer*, 115 Mass. 89. *Dexter* v. *Shepard*, 117 Mass. 480. *Thompson* v. *Heywood*, 129 Mass. 401, 403. The breach of condition by non-payment of interest is admitted. The charge of fraud wholly failed, and seems to have been made somewhat recklessly, a circumstance always to be remembered in the matter of costs. The case is now argued on the ground that the advertisement was not such as was required in the power, and that there was a want of due care in the sale.

Furthermore, although the circulation of the Brighton Item was small, — about five hundred copies, — yet, having in view the nature of the land, which was an unoccupied lot of moderate value, more likely to attract purchasers from the neighborhood than metropolitan capitalists, probably it was quite as well for the plaintiff to have the advertisement published in this newspaper, which was nearest the land and was read among the neighbors, as in one of the greater but more distant papers. We see nothing to find fault with in the advertisement. See *Thompson* v. *Heywood*, 129 Mass. 401, 404; *Briggs* v. *Briggs*, 135 Mass. 306, 309.

But it is said that, if the advertisement might have been thought proper beforehand, it was shown to have been insufficient by the result, and that at any rate, in view of the small attendance, there was a manifest duty to adjourn the sale, which was as plain to Hano as to the bank. But Hano, who was himself brought there by the advertisement, says that there were a dozen persons present, and from four to six bids. The auctioneer says a dozen, or perhaps nine persons, and quite a number of bids. A third witness says a dozen persons, and several of these were bidders. Hano bid twice. The sale realized more than the amount of the mortgage and expenses, and probably would have realized more still had not Pratt, who saw the advertisement and meant to attend the sale, forgotten it. In *Briggs* v. *Briggs*, *ubi supra*, the newspaper in which the sale was advertised had no circulation in the town where the land lay, the times of advertising, although technically within the words of the mortgage, were unsuitable, the notice attracted no bidders, the only persons present were there in the interest of the holder of the mortgage, who bought in the premises, and the master reported that the sale ought to have been adjourned.

We should have to go much further than that decision before we could set aside the present sale. See *Learned* v. *Geer*, 139 Mass. 31.

There was some suggestion that the plaintiff had been lulled into security by the course of the bank. If such were the fact, the case against the bank would require careful scrutiny. But it appears pretty plainly that the bank had made many efforts to induce the plaintiff to pay promptly, that her husband and agent had been told several times that he must attend to the interest or the mortgage would be foreclosed, and that notice was sent him on April 23, 1887, stating that interest due April 1, 1887, was unpaid, and that if not paid at once legal proceedings would be taken to collect it.          *Bill dismissed.*