# Nichols v. Nichols.

### Bill to Redeem.

(Decided January 14, 1915.    Rehearing denied February 4, 1915.
68 South. 186.)

1. *Pleading; Conclusiveness; Estoppel.*—In a bill to redeem the averment that the mortgage was executed by complainant and his wife, and that it covered the following described lands situated in Jefferson county, Alabama, and giving the description by government subdivision as they appeared in the mortgage, in addition to the theory of the existence of a valid mortgage necessarily arising from the purpose and effort of complainant to redeem, precluded complainant from asserting that such mortgage did not contain a sufficient description of the land as respects the state and county of its location.

2. *Mortgage; Sale; Notice; Advertise.*—Where the mortgage contained no provision as to the method of the required advertisement for sale the publication by the mortgagee of a notice of sale for a period of thirty days before the day fixed for the sale, which was February 4, 1904, such notice appearing on January 1st, 8th, 15th, 22nd and 29th, and on the date set for the sale, the sale was postponed to February 15th, when a sale was made, and an issue of the paper carrying the notice appeared on February 5th, with the same notice, without anything to indicate the postponement, but there was no express contention of any bad faith or of any prejudice to the mortgagor, there was under the power of sale, a power to postpone the advertised sale for a reasonable length of time; to advertise a sale not necessarily meaning public notice by publication in a newspaper, but comprehending notice by handbills, placards or other written public notices, the adjourned sale without a new thirty days' notice being valid.

3. *Same; Description of Land.*—The notice examined and held sufficient as against the objection that it did not locate the land as to state and county, the property being described with that reasonable certainty as to identity to inform persons of ordinary intelligence of its location.

[Nichols v. Nichols.]

4. *Evidence; Judicial Notice; Geographical Facts.*—The courts judicially know that there is but one range 5 west, in Alabama, and that that range lies west of the Huntsville meridian, and that there is but one township 18 in the state, which bisects range 5 west, and that section 32, township 16, range 5 west, is in Jefferson county.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill to redeem by J. P. Nichols against Robert B. Nichols. Decree for defendant, and complainant appeals. Affirmed.

The notice of sale under the mortgage was as follows:

Mortgage Sale.

Under and by virtue of a mortgage executed to the undersigned, William A. J. McClain, by J. P. Nichols and his wife, Nancy Nichols, and recorded in Mortgage Book No. 336, page 230, in the office of the judge of probate of Jefferson county, state of Alabama, I will proceed to sell on Thursday, February 4th, 1904, at Birmingham, Alabama, before the courthouse door thereof, in Jefferson county, Alabama, within the legal hours of sale, the following described property, to wit, the northwest ¼ of section 34, township 16, range 5 west. The coal, mineral and mining privileges, however, is excepted from this sale. Also one cotton gin, one grist mill, one boiler, one engine, one cotton seed mill and one cotton press. Said sale is made to satisfy said mortgage.

"W. A. J. McClain, Mortgagee.
"W. K. Smith, Attorney."

BURGIN, JENKINS & BROWN, for appellant.

W. K. TERRY, for appellee.

McCLELLAN, J.—The appellant was the complainant, and the appellee was the respondent, in the court

below. The object of the bill was to effect the redemption of real estate, under the equity to that end residing in the mortgagor (complainant), if there had been no foreclosure under the power of sale provided in the mortgage. The respondent's right to or title in the real estate is asserted as of his purchase from McClain, the mortgagee, who is further asserted to have bought the property at foreclosure sale under the unquestioned power to the end provided in the mortgage. The respondent prevailed in the decree rendered.

(1) There is some argument in the brief for appellant that seems to be grounded in the notion that the mortgage under view did not contain a sufficient description of the particular land it purported to incumber in that the county and state in which it is situate was not given in the mortgage. In the second paragraph of complainant's bill it is averred that the mortgage in question was executed by complainant and his wife, and the exhibited copy shows its due execution, and that it "covered the following described lands situated in Jefferson county, Alabama," then giving the quarter call according to the government numbers appearing in the mortgage. Additional to the theory of the existence of a valid mortgage necessarily resultant from the complainant's purpose and effort to redeem, the indicated allegations of the bill entirely preclude complainant from asserting anything inconsistent with so clear a statement, in his pleading, of the validity of the mortgage and of the sufficiency of the description, of the land in respect of its location with reference to state and county.—16 Cyc. p. 238; 2 Ency. L. & P. pp. 173, 174; Dickson v. Chorn, 6 Iowa, 19, 71 Am. Dec. 382, 387; Winn v. Strickland, 34 Fla. 610, 16 Sopth. 606, 612, second column. The like principle underlies the rulings of this court in McGehee v. Lehman, Durr & Co.,

65 Ala. 316; *Gresham v. Ware,* 79 Ala. 192; *Toney v. Moore,* 4 Stew. & P. 355.

(2) The only question really litigable in this cause is whether the effort of the mortgagee to foreclose this mortgage, under and according to the power of sale to that end, was abortive, and hence did not operate as a foreclosure sale of the property "after giving 30 days' notice, by advertising. * * * There is no provision in the mortgage defining or prescribing the method whereby the required advertisement of the sale might be effected. To advertise a sale does not necessarily mean public notice by publication in a newspaper. It comprehends, as well as that method of notice, public notice by hand bills, placards, or other written public notices. See Bouvier; Webster's Dict.; 1 Words and Phrases, p. 236; Century Dict.; *Carter v. State,* 81 Ark. 37, 98 S. W. 704. However, the method of advertisement observed by the mortgagee in this mortgage was by publication in a Bessemer newspaper, and that for a period of 30 days before the day fixed herein for the sale under the power of sale, viz., February 4, 1904. The report of the appeal will contain the notice of sale. It appeared in the Bessemer newspaper at the weekly intervals indicated by these dates: On January 1st, 8th, 15th, 22d, 29th. The sale was not had on the 4th day of February, 1904. On that day and date the sale was postponed to the 15th day of February, 1904, when a sale was made. Now, the issue of the newspaper of the 5th day of February, 1904, carried the same notice that had theretofore appeared in the newspaper; but there was no addition thereto or thereon of any statement indicating the postponement of the sale or the date to which it had been postponed.

There is no express contention that any prejudice resulted to the rights or interest of the mortgagor be-

cause of the stated postponement of the sale or because of the sale on that date. It is contended that, since the sale was not had on the date fixed in the publication mentioned, it was essential that a new 30-day publication should be effected before a valid sale could be had under the terms of the power of sale conferred by the mortgage. This contention may be otherwise thus stated: That the mortgagee had no power under the terms of the mortgage to make a sale without a 30-day advertisement thereof, thus negativing any power to postpone or continue the sale to another date with the effect of availing of the advertisement already made for the requisite period for a sale on the day fixed in such advertisement. The single question in this connection involves an interpretation of the terms and legal effect of the power conferred by the mortgage.

The court below followed and gave effect to the correct ruling thus stated in *Richards v. Holmes,* 18 How. 143, at page 147 (15 L. Ed. 304): "There is no reason to suspect the least unfairness on the part of the trustee or any one concerned. His conduct seems to have been dictated solely by an honest desire to obtain the best price for the property. Nor is there any ground for believing that either of these postponements prejudiced the interest of the complainants. They stand upon the objection that though the trustee might have sold on the first day, of which 30 days' notice was given, he could not on that day adjourn the sale. But we consider that a power to a trustee to sell at public auction, after a certain public notice of the time and place of sale, includes the power regularly to adjourn the sale to a different time and place, when, in his discretion, fairly exercised, it shall seem to him necessary to do so in order to obtain the fair auction price for the property. If he has not this power, the elements or many

unexpected occurrences may prevent an attendance of bidders, and cause an inevitable sacrifice of the property. It is a power which every prudent owner would exercise in his own behalf under the circumstances supposed, and which he may well be presumed to intend to confer on another. This power of sale does not undertake to prescribe the particular manner of making the sale. It is to be at public auction, and 'after having given public notice of such sale by advertisement at least thirty days;' but it assumes that the sale will be conducted as such sales are usually conducted. A sale regularly adjourned, so as to give notice to all persons present of the time and place to which it is adjourned, is, when made, in effect the sale of which previous public notice was given. The courts of several states have gone further in this direction than we find necessary, though we do not intend to intimate any doubt of the correctness of their decisions. They have held that a public officer, upon whom a power of sale is conferred by law, may adjourn an advertised public sale to a different time and place, for the purpose of obtaining a better price for the property.—*Tinkom v. Purdy*, 5 Johns. [N. Y.] 345; *Russell v. Richards*, 11 Me. 371 [26 Am. Dec. 532]; *Lantz v. Worthington*, 4 Pa. 153 [45 Am. Dec. 682]; *Warren v. Leland*, 9 Mass. 265. If such a power is implied where the law, acting in invitum, selects the officer, a fortiori it may be presumed to be granted to a trustee selected by the parties."

The Illinois court appears to have taken a view of the matter that is opposed to the better reason and to the weight and current of the adjudged cases. See *Thornton v. Boyden*, 31 Ill. 200; *Griffin v. Marine Co.*, 52 Ill. 130. Common experience and observation advises that the power to postpone an advertised sale of property under a power contained in mortgages is gen-

erally recognized in the practice in respect of such matters in this state. Good faith and fairness in the exercise of this discretion to postpone must characterize the action of the mortgagee or of those who succeed to the rights thereof; and the postponement should not be for an unreasonable period. The adjournment or postponement of the day of sale should, where practicable, be publicly proclaimed at the time and place of sale (*Coxe v. Halsted*, 2 N. J. Eq. 311; *Allen v. Cole*, 9 N. J. Eq. 286, 59 Am. Dec. 418), or some public notice thereof given in an appropriate way, unless the mortgage otherwise provides.—1 Dev. on Deeds (3d Ed.) § 414. When the discretion to postpone for a reasonable time is fairly exercised, and the sale is otherwise held according to the power conferred by the mortgage, and the postponed sale is thus effected, the provisions of the instrument with respect to the period of notice required by the mortgage is not governing, and the failure to give that notice, so required, will not avoid the sale.— 1 Dev. on Deeds (3d Ed.) § 414; 2 Jones on Mortg. §§ 1873, 1874. In order to avert possible questioning, proper caution suggests that, where an adjournment of the sale is made, the public notice should, if the time to elapse will reasonably, practically admit of it, carry information of the fact of the adjournment and of the day to which it has been taken. In this intance 11 days elapsed between the date of the sale as originally advertised and the date to which the adjournment was had. That was not, of course, an unreasonable period for postponement. And no prejudice or impairment of the mortgagor's rights or interests being averred as having resulted from such postponement and sale at that time, it cannot be held that the sale made on February 15, 1904, was void.

[Nichols v. Nichols.]

(3, 4) It is further insisted that the description of the subject of the sale (land) in the notice published in the Bessemer paper was fatally deficient in that the land's location as to state and county was not given in the notice. It will be observed that the quarter call and the township and range set down in the published notice is a copy of the description of the land in the mortgage and also as complainant (mortgagor) states it in his bill, except that complainant adds the county and state in describing in paragraph 2 the subject-matter of the mortgage. Unquestionably the land is in Jefferson county, Ala., as complainant alleges it is. But, aside from that, we judicially know that there is but one "range 5 west" in this state, and that that range lies west of the Huntsville meridian, and that there is but one "township 16" in this state that bisects "range 5 west," and that section 34 in township 16, range 5 west, is in Jefferson county, Ala.—*Scheuer v. Kelly,* 121 Ala. 323, 326, 26 South. 4; *Chambers v. Ringstaff,* 69 Ala. 140, 145. The much earlier case of *Commissioners, etc., v. Tarver,* 25 Ala. 480, considering the establishment of a public road, may not be in accord with these later deliverances. We maintain the rule of the later established cases. Such matters are of that character of common knowledge and acquaintance that the public is to be presumed to be cognizant thereof when notice of a sale under the power in a mortgage is the object to be subserved.

The rule is this: "The property to be sold must be described in the notice with such reasonable certainty that the public, by the exercise of ordinary intelligence, may be enabled to identify it, and may be directed to the means of obtaining an exact description, if desired." —27 Cyc. p. 1468.

Here the notice, as published, named the parties to the mortgage and gave the book and page of record thereof in "probate office of Jefferson county, Alabama," thus referring an inquirer, or any person at all inclined to be interested, to the mortgage (*Drake v. Rhodes,* 155 Ala. 502, 503, 46 South. 769, 130 Am. St. Rep. 62), wherein it appears to have been executed in Jefferson county, Ala., thereby, affording "such a description of the property to be sold as if read by persons familiar with the neighborhood would (will) advise them of what is to be sold." Mr. Freeman's note, at page 288 of 19 Am. St. Rep. It is not essential that the description of the property should be exact.—27 Cyc. p. 1468; *Fitzpatrick v. Fitzpatrick,* 6 R. I. 64, 75 Am. Dec. 681, 684; volume 10, notes to Am. Dec. p. 944. It is not reasonably conceivable that with the data afforded by this notice—incorporating therein, as it does, the names of the parties, and designating the mortgagor and the place of record of the instrument in the county and state mentioned, and, by reference to the instrument as recorded, making readily available the fact that it was executed in Jefferson county, Ala.—that any ordinarily intelligent member of the public would not be sufficiently advised within the rule before set down.

The criticisms of the notice and sale of February 15, 1904, are not well founded. The decree is therefore affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and DE GRAFFENRIED, JJ., concur.