(113 So. 293)

**HAYDEN v. SMITH.** (6 Div. 483.)

Supreme Court of Alabama. May 5, 1927.

Rehearing Denied June 21, 1927.

1. **Husband and wife** ⊜171(8)—Statute inhibiting wife's suretyship for husband's debt held inapplicable, where mortgagee lent money to wife which she gave to husband (Code 1923, § 8272).

Code 1923, § 8272, which inhibits a wife's suretyship for her husband's debt, *held* inapplicable to transaction, where mortgagee lent and delivered money to wife which she gave to her husband.

2. **Mortgages** ⊜357—Notice of postponement of foreclosure sale, giving reasonable publicity, is sufficient.

Notice of postponement of mortgage foreclosure sale by such means as will give reasonable publicity of the fact is sufficient.

3. **Mortgages** ⊜357—Notice of mortgage foreclosure sale postponement, by adding "sale continued until September 4th," at bottom of sale notice, held not to justify setting sale aside.

Announcing the postponement of mortgage foreclosure sale originally set for July 31st, by merely adding at the bottom of the notice "sale continued until September 4th," *held* not so deficient in the requisite quality of publicity as to justify setting the postponed sale aside.

4. **Mortgages** ⊜356—Publication of foreclosure sale had in Birmingham in paper with less than 500 circulation held not sufficient to set aside sale.

Publication of original advertisement of mortgage foreclosure and postponement in a paper with a circulation of less than 500 copies, most of which went to a submunicipality of Birmingham, where sale was to be had, and outside places, and with practically no paid subscriptions, *held* not sufficient ground, standing alone, for setting aside sale.

5. **Mortgages** ⊜369(3)—Where price realized at mortgage foreclosure sale is so inadequate as to shock conscience, sale may be set aside.

Where the price realized at a mortgage foreclosure sale is so inadequate as to shock

the conscience, it may raise presumption of fraud or mismanagement, and be sufficient ground for setting the sale aside.

**6. Mortgages ⬅369(3)—Mere inadequacy of price at mortgage foreclosure sale is insufficient to justify setting the sale aside.**

Though inadequacy of price in a foreclosure sale is always circumstance to be considered with other objections to the sale, and will be sufficient to justify setting the sale aside when coupled with other circumstances showing fraud or mismanagement, it is not in itself sufficient to justify setting the sale aside.

**7. Mortgages ⬅369(3)—Court held justified in allowing mortgagor to redeem from purchasing junior mortgagee, where advertisement was unsatisfactory, mortgagor had no actual notice, and price was grossly inadequate.**

Where there was unsatisfactory publicity in the foreclosure of a senior mortgage because of the obscurity of the newspaper medium and inadequacy of announcement of postponement of sale, and the mortgagor had no actual notice of the sale, and the property was bought for $402.90, though worth $4,000, *held* that court was justified in setting aside the sale and allowing the mortgagor to redeem on payment of what was justly due to the purchasing junior mortgagee.

**8. Mortgages ⬅369(8)—Where senior mortgage foreclosure sale was set aside, purchasing junior mortgagee held entitled to reimbursement for redeeming from tax sales.**

Where a senior mortgage foreclosure sale, after which the junior mortgagee redeemed the property, was set aside, junior mortgagee *held* entitled to reimbursement for sums expended in redeeming the land from tax sales.

**9. Mortgages ⬅591(1) — Junior mortgagee purchasing property cannot use tax redemption deeds as muniments of title to defeat mortgagor's rights of redemption.**

Junior mortgagee purchasing mortgaged property at foreclosure of senior mortgage cannot use redemption deeds acquired in redeeming land from tax sales as muniments of title to defeat rights of mortgagor seeking to redeem.

**10. Equity ⬅387—Note of testimony held unnecessary for submission on register's report, where there was note on submission for decree settling equities.**

Where there was a note of testimony before the court on submission for a decree settling the equities of the parties in a contest to set aside a mortgage foreclosure sale and allow the mortgagor to redeem from the purchasing junior mortgagee, it was unnecessary that there be an additional note of testimony for the submission on the register's report.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by Virginia Nash Smith against W. T. Hayden. From the decree, respondent appeals, and complainant assigns cross-errors. Affirmed.

Statement by SOMERVILLE, J.:

Complainant gave a first mortgage on her land to Georgia Loan & Trust Company on March 15, 1918. She gave a second mortgage on the same land to respondent, W. T. Hayden, on February 22, 1921. On September 4, 1922, Georgia Loan & Trust Company foreclosed its said mortgage, itself being the purchaser for $402.90; and on September 11, 1922, it conveyed the land to respondent, Hayden, who, it was recited, "desiring to redeem the same from said foreclosure sale, has paid to the undersigned Georgia Loan & Trust Company the purchase money, with 10 per cent. per annum thereon, and all other lawful charges amounting to $403."

Complainant files this bill for the purpose of setting aside said foreclosure sale because of irregularity or insufficiency in the newspaper advertisement of the sale, for redemption from that mortgage, and for a cancellation of the mortgage to respondent, on the ground that it was given merely as a security for her husband's debt. The bill contains also a prayer for general relief.

Davis & Locke and Hayden & Hayden, all of Birmingham, for appellant.

The continuance of a sale of property under power contained in a mortgage may be made by compliance with the terms of the mortgage as to publication for a sale. Nichols v. Nichols, 192 Ala. 206, 68 So. 186. A redemption from tax sale by an owner or a mortgagor cannot be set aside in chancery by an owner or mortgagor, as a mere incident to a bill to cancel a foreclosure deed and redeem. Code 1923, §§ 3109, 3110; Osborne v. Waddell, 176 Ala. 232, 57 So. 698. A note of testimony is necessary to the validity of a final decree upon pleading and proof. Ch. rule 75, 4 Code 1923, p. 930; Crews v. State, 206 Ala. 101, 89 So. 205.

Logan & Merchant, of Birmingham, for appellee.

The notice of sale was not sufficient; the paper in which the notice was published was not a "newspaper published in said city," within the statute. Code 1927, § 9257; 20 R. C. L. 202, 205; 19 R. C. L. 593; 5 Words and Phrases, First Series, 4794; Times Co. v. Star Co., 51 Wash. 667, 99 P. 1040, 16 Ann. Cas. 414; 27 Cyc. 1473; 2 Jones on Mortgages (6th Ed.) § 1835; Webber v. Curtiss, 104 Ill. 309; Briggs v. Briggs, 135 Mass. 306. Where there is gross inadequacy of price paid, coupled with other circumstances showing unfairness, the sale should be set aside. Nichols v. Nichols, 192 Ala. 206, 68 So. 186; Grigg v. Banks, 59 Ala. 311; 2 Jones on Mortgages (6th Ed.) § 1670; 27 Cyc. 1508. Redemption of land from tax sale by a purchaser at mortgage foreclosure sale, or one holding under such purchaser, will not defeat the

right of redemption by the debtor. Code 1923, §§ 10140, 10145, 10152. Where a submission is for final decree on register's report, the rule as to note of testimony does not apply. Ch. rule 75, 4 Code 1923, p. 930; Whetstone v. McQueen, 137 Ala. 301, 34 So. 229. The wife shall not directly or indirectly become the surety for her husband. Code 1923, § 8272; Lamkin v. Lovell, 176 Ala. 334, 58 So. 258.

SOMERVILLE, J. [1] We concur in the conclusion of the trial court that complainant failed to show that the debt for which the mortgage to Hayden was given was the debt of her husband and hence that she was not entitled to relief by way of cancellation of that mortgage. The case does not fall within the principle declared and applied in Lamkin v. Lovell, 176 Ala. 334, 58 So. 258, and in Staples v. City Bank, etc., 194 Ala. 687, 70 So. 115, because there was here no pre-existing debt due from complainant's husband to Hayden, but by a new and independent transaction the money was lent and delivered to the wife, and by her given to her husband. This did not offend the statute (Code 1923, § 8272), which inhibits the wife's suretyship for her husband's debt. Hall v. Gordon, 189 Ala. 301, 66 So. 493.

If the foreclosure sale under the senior mortgage of the Georgia Loan & Trust Company was valid and unimpeachable, then the redemption from that sale effected by Hayden, as junior mortgagee, vested in him an indefeasible legal title, and the mortgagor was without remedy by way of redemption from Hayden. Francis v. Sheats, 153 Ala. 468, 45 So. 241, 127 Am. St. Rep. 61. Under the redemption statutes as now amended in the Code of 1923 (sections 10140, 10141), priority of right to redeem is given to the mortgagor for 12 months after the sale, which can be defeated only by his inaction for 60 days after notice from any other person entitled to redeem of his intention to do so. That provision, however, was not in force when the foreclosure and redemption here involved occurred.

The trial court held that the postponement of the foreclosure sale from July 31, 1922, the date originally fixed by the newspaper advertisement, to September 4, 1922, by merely adding at the bottom of the notice "sale continued until September 4, 1922," without other publication or proclamation, was not sufficient.

Complainant also insists that the publication of the original advertisement of the sale, as well as of the postponement, was not made in a "newspaper published in said city [Birmingham]" within the requirements of the law, because the paper selected and used (the Ensley Enterprise) was a paper with a circulation of less than 500 copies, most of which were sent to Ensley, a submunicipality of Greater Birmingham, and outside places, and with practically no paid subscriptions.

[2] The general rule is that notice of the postponement of such means as will give reasonable publicity of the fact is sufficient. 27 Cyc. 1476; Nichols v. Nichols, 192 Ala. 206, 212, 68 So. 186.

[3] As an independent factor, we would be unwilling to say that the mode of announcing the postponement of this sale was so deficient in the requisite quality of publicity as to justify a court in setting aside the sale on that ground.

[4] So, also, notwithstanding the very low quality of the newspaper in which the advertisement was carried, and its very limited circulation when compared with the population of Greater Birmingham (then 180,000, or more), those considerations, standing alone, would not be sufficient ground for setting aside the sale. But it must be observed that high authorities have held that, "while it is not imperative that he [the mortgagee] should choose that paper which will in fact give the utmost possible publicity to the notice, yet he must act in good faith and exercise reasonable care, and it will be ground for vacating the sale if he caused the notice to be printed in an obscure newspaper of very small circulation." 27 Cyc. 1473, citing Webber v. Curtiss, 104 Ill. 309; Stevenson v. Hano, 148 Mass. 616, 20 N. E. 200; Briggs v. Briggs, 135 Mass. 306; Wake v. Hart, 12 How. Prac. (N. Y.) 444. See, also, Montague v. Dawes, 14 Allen (Mass.) 369, 373.

These cases indicate a distinction—a just distinction, we think—between sales at which an innocent third party has become the purchaser for a fair price and sales at which the mortgagee is himself the purchaser for an unfair price, especially where the mortgagor is not present at the sale, and had no actual notice or knowledge thereof.

In the instant case the property was worth in cash not less than $4,000. The mortgagee was the purchaser for the grossly inadequate price of $402.90. Almost immediately—one week later—this respondent, holding a junior mortgage for $500, effected a redemption of the land from the senior mortgagee-purchaser, and received from it a deed for the recited consideration of $403. The mortgagor did not see the advertisement in the Ensley Enterprise, and had no actual knowledge or notice of the intended foreclosure sale.

[5] The general rule is that, "where the price realized at the sale is so inadequate as to shock the conscience, it may itself raise a presumption of fraud, trickery, unfairness, or culpable mismanagement, and therefore be sufficient ground for setting the sale aside." 27 Cyc. 1508.

[6] And, although mere inadequacy of price is not sufficient to that end, it is "always a circumstance to be considered in connection with other grounds of objection to the

sale, and will be sufficient to justify setting the sale aside, when coupled with any other circumstances showing unfairness, misconduct, fraud, or even stupid management, resulting in the sacrifice of the property." 27 Cyc. 1508; Holdsworth v. Shannon, 113 Mo. 508, 21 S. W. 85, 35 Am. St. Rep. 719, where the subject is discussed quite fully, with a review of many pertinent cases; 2 Jones on Mortgages (6th Ed.) 1670.

The remedial action of courts in such cases is grounded upon the duty of the mortgagee, as stated by Shaw, C. J., in Howard v. Ames, 3 Metc. (Mass.) 311:

"In executing such power, he becomes the trustee of the debtor, and is bound to act bona fide, and to adopt all reasonable modes of proceeding, in order to render the sale most beneficial to the debtor."

[7] The decided cases indicate that in general a price less than one-third of the value of the land will be regarded as grossly inadequate, but, of course, there is no definite rule or basis for such a conclusion, and each case must be judged by its own circumstances. But, when it is not more than one-tenth of its actual value, we think it is upon its face so grossly inadequate as to shock the judicial conscience and justifies the setting aside of the sale. And when, in such a case, there was an unsatisfactory publicity in the advertisement because of the obscurity of the newspaper medium, and of its limited circulation both as to readers and municipal territory, coupled with the mortgagor's ignorance of the intended sale, we are convinced that it is the duty of a court of equity to set aside the foreclosure sale, and let in the mortgagor to redeem upon the payment of what is justly due to the purchasing junior mortgagee.

The decree of the trial court gave to the complainant the relief to which she is entitled, and prescribed the proper terms.

[8, 9] The respondent mortgagee is entitled to be reimbursed for the sums expended in the redemption of the land from tax sales. He cannot use the redemption deeds as muniments of title to defeat the rights of complainant. Howze v. Dew, 90 Ala. 178, 7 So. 239, 24 Am. St. Rep. 783; Grigg v. Banks, 59 Ala. 311.

[10] Objection is made to the final decree, rendered on the reference ascertaining the amount complainant must pay to effect redemption, that there was no note of testimony on the submission therefor. There was a note of testimony before the court on submission for the decree settling the equities of the parties, and no additional note was necessary for the submission on the register's report. Whetstone v. McQueen, 137 Ala. 301, 34 So. 229.

We think the decree of the circuit court is

in all things correct, and it will be accordingly affirmed.

Affirmed.

All the Justices concur.