179 So. 373

APPELBAUM et al. v. FIRST. NAT. BANK OF BIRMINGHAM et al.

6 Div. 116.

Supreme Court of Alabama.

Jan. 20, 1938.

Rehearing Denied Feb. 24, 1938.

Alex C. Birch, of Montgomery, and Sam C. Pointer and Patrick & Appelbaum, all of Birmingham, for appellants.

Cabaniss & Johnston, K. E. Cooper, and Paul Johnston, all of Birmingham, for appellees.

**ANDERSON, Chief Justice.**

This is a bill filed by the grantee of the mortgagor, Appel Investment Company, Inc., seeking to set aside the foreclosure of the mortgage and be let in to redeem under the equity of redemption, and for general relief.

The mortgage was given to secure a loan of $12,500 made by the mortgagee to said Appel Investment Company, Inc., and used by it to discharge two mortgages previously executed covering the property involved; one to the mortgagee for $6,000, and the other to the Protective Life Insurance Company for $1,500, and to pay an indebtedness of M. A. Appelbaum of $5,000 to the North Birmingham American Bank.

The mortgage covers real estate located in that part of the city of Birmingham known as North Birmingham, consisting of three mercantile store buildings and the lots on which they were situated, acquired by the mortgagor, as the evidence shows, for a consideration of $30,000, valued in the application for the loan at $75,000, and of a minimum value at the time of the foreclosure of $20,000.

The complainant acquired her interest through a warranty deed, before default in the mortgage, on a recited consideration of $500.

The evidence shows, however, that she had advanced some money to the mortgagor previous to the execution of the deed to her to keep up payments on the mortgage, and that subsequent thereto made other payments. While there is no assumption of the mortgage debt expressed in the deed, the evidence clearly shows that she assumed the payments of the mortgage debt as part of the consideration of the conveyance to her of the property.

The bill attacks the foreclosure on sundry grounds, notably, that the execution of the mortgage by the corporate mortgagor was ultra vires; that there was no default in the mortgage at the time of its foreclosure; that the publication of the mortgage foreclosure was in contravention of the power of sale in the mortgage; and that the price bid at the mortgage sale by the mortgagee was greatly disproportionate to the value of the property; and the sale of the property was in mass and not in separate parcels.

The basis for the contention that the execution of the mortgage is ultra vires the powers of the corporation is that $5,000 of the loan was procured by the corporation and used for the payment of the debt of one M. A. Appelbaum, one of the corporators and the owner of half of the stock in the corporation.

The evidence shows that the Appel Investment Company, Inc., was a mere simulacrum; that it was owned and controlled by the said M. A. Appelbaum and his son, Kelvie, each owning thirteen of the twenty-six shares of stock; that Silberman, whose name was used in the organization of the corporation, was a mere dummy stockholder of one share held for organization purposes and transferred said share to Kelvie after the organization. Therefore, looking through form to substance, as a court of equity will do, the Appelbaums were the corporation and its debts were their debts. Dixie Coal Min. & Mfg. Co. et al. v. Williams, 221 Ala. 331, 128 So. 799; Harris et al. v. First Nat. Bank of Tuscumbia, 227 Ala. 86, 149 So. 86; Birmingham Trust & Savings Co. et al. v. Shelton, 231 Ala. 62, 163 So. 593.

And under its declared powers it had authority "to borrow money for the improvement of its property, *and for any other lawful purpose.*" Therefore, the execution of the mortgage cannot be said to be ultra vires.

Moreover, the complainant having acquired the property and assumed the payment of the mortgage debt, she will not be allowed to question the validity of the loan or any part thereof. There was no duty on the part of the mortgagee, nor had it the power, to follow and supervise the application of the money after it passed into the hands of the corporation.

There is no insistence here that the mortgagor, or its grantee, the complainant, was not in default in the payment of the interest on the mortgage debt. Nor does the evidence in the case justify such insistence. Under the acceleration clause in the mortgage, the mortgagee had the power to declare the whole debt due, and foreclose upon default in payment of any of the notes, some of which represented the interest matured on the loan.

■ The mortgagor, Appel Investment Company, Inc., parted with all of its interest in the mortgaged property by conveying it to the complainant, and it was not a necessary party to the bill, and can take nothing by its cross-assignments of errors. Thomas v. Jones, 84 Ala. 302, 4 So. 270.

■ The mortgage provides that in case of such default "this mortgage shall be subject to foreclosure as now provided by law in case of past due mortgages, and the said mortgagee, its agents or assigns, shall be authorized to take possession of the premises hereby conveyed, and, after giving 30 days' notice, by publication once a week for 4 consecutive weeks of the time, place, and terms of sale, by publication in some *newspaper published in Jefferson County,* and State of Alabama, to sell the same, *as a whole or in parcels,* in front of the courthouse door, of said last named County, at public outcry, to the highest bidder for cash, and apply the proceeds," etc. (Italics supplied.)

While under the terms of this power of sale the mortgagee was invested with a discretion in selecting the vehicle for the publication of the notice, and in executing the power by a sale in mass or in separate parcels, yet in view of the trust with which the power was affected, it is a discretion to be reasonably and prudently exercised. State Bank of Elberta v. Peterson, 226 Ala. 13, 145 So. 154; 41 C.J. 959, § 1402.

■ In executing the power, the mortgagee "becomes the trustee of the debtor, and is bound to act bona fide, and to adopt all reasonable modes of proceeding, in order to render the sale most beneficial to the debtor." Hayden v. Smith, 216 Ala. 428, 113 So. 293, 295; Kelly v. Carmichael, 217 Ala. 534, 117 So. 67; De Moville v. Merchants & Farmers Bank of Greene County et al., 233 Ala. 204, 170 So. 756.

■ As was observed in Hayden v. Smith, supra, 216 Ala. 428, 430, 113 So. 293, 295, "while it is not imperative that he [the mortgagee] should choose that paper which will in fact give the utmost possible publicity to the notice, yet he must act in good faith and exercise reasonable care, and it will be ground for vacating the sale if he caused the notice to be printed in an obscure newspaper of very small circulation"; and this rule is specially applicable where the mortgagee becomes the purchaser at the sale.

■ The statute, Code 1923, § 9017, provides: "Notice of said sale shall be given in the manner provided in such mortgage or deed of trust, or in this Code *in the county* where the mortgagor resides and the land, or a part thereof is located," etc. (italics supplied); and sales made contrary to the statute are declared by the statute to be void—that is voidable on direct attack. Code 1923, § 9018.

■ The quoted power of sale and the statute clearly contemplate that the publication of the notice of the time, place, and terms of sale should be made in a newspaper of general circulation over the county of Jefferson. The publication in a well-established weekly with a general circulation through the county would meet the requirement, but the advertisement in a mere mushroom publication with very limited circulation is in contravention of the power.

■ Appelbaum testified: "At about the time this property was foreclosed I looked in all of the papers that cater to legal advertisements, and looked for notice and advertisement of foreclosure of the mortgage of the Appel Investment Company, but couldn't find it or notice it, and consequently I didn't know there was a foreclosure until some time later, when I was informed that the notice had been advertised of the foreclosure in the Jefferson County Herald, which I had never seen prior to this suit, and which was published, as far as I have been able to learn, for a very short time at Tarrant City, Alabama, and this property is situated and located at North Birmingham in the city limits of the City of Birmingham, Alabama."

The proof of publication, offered in evidence, was by the affidavit of the publisher who "upon oath states that he is the publisher of the Jefferson County

384

Herald, a newspaper published in, and of *general circulation in the City of Tarrant City,*. County of Jefferson, State of Alabama, and further declares that the attached advertisement is a true copy which appeared in the said Jefferson County Herald on the following dates, to-wit: Aug. 25, Sept. 1, 8, 15, 1933." (Italics supplied.)

The evidence is without dispute that the only person present at the time and place of the sale was the actuary who, as the attorney for the mortgagee, offered the property for sale, and the evidence further shows he was instructed to offer the property for sale in mass and bid it in for the mortgagee for the price of $7,500. The fact that no one except the actuary was present at the time and place of sale, and that the advertisement of sale was in a medium published in a different municipality from that in which the property was situated and sale made, with a circulation limited to the municipality in which the paper was published, that the bid was less than the mortgage debt, and greatly disproportionate to the value of the property—approximately one-third of its minimum value—supports the conclusion that the publication of the notice was wholly inadequate, and that the selection of said medium of publication was in disregard of the rights of the complainant and in contravention of the power of sale. Hayden v. Smith, 216 Ala. 428, 431, 113 So. 293.

The decree of the circuit court is reversed and one is here rendered setting aside and vacating the foreclosure of the mortgage and the deed executed in pursuance thereof, and letting the complainant in to redeem under the equity of redemption, and remanding the case to the circuit court for a decree of reference to the register to take and state the accounts between the parties, and such other proceedings, not inconsistent with this opinion, as may be necessary to effect redemption.

Reversed, rendered, and remanded.

THOMAS, BROWN, and KNIGHT, JJ., concur.

Upon Rehearing.

ANDERSON, Chief Justice.

The only point upon which a rehearing is sought is as to the claimed credit of $5,-

000 and, as to which, we adhere to our former ruling.

There seems to be some uneasiness and misunderstanding as to what we hold as to the publication of notices of mortgage sales. It will be observed that the sale in this case was held invalid not upon the nature of the paper alone, but because the purchase was made by the mortgagee, and other facts set out in the opinion as well. We did not hold that the publication had to be made in a daily paper or one of the largest circulation in the county, or that where the notice conformed to the requirements of the mortgage and the purchase was made in good faith by a third person the sale would be invalid. We simply followed the case of Hayden v. Smith, 216 Ala. 428, 113 So. 293, and applied the rule there laid down to the facts in the instant case.

THOMAS, BROWN, and KNIGHT, JJ., concur.