[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14901

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 16, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-02254-CV-2-RBP

CS ASSETS, LLC,

                                                            Plaintiff-Counter-
                                                            Defendant-Appellee,

versus

WEST BEACH, LLC,
MATTHEW PIELL,

                                                            Defendants-Counter-
                                                            Claimants-Appellants,

ALBERT L. WEBER, et al.,

                                                            Defendants-Counter-
                                                            Claimants.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(March 16, 2010)

Before HULL, WILSON and FARRIS,[*] Circuit Judges.

PER CURIAM.

This case involves a default by investors who held waterfront property in Orange Beach, Alabama. The lender exercised a power of sale to conduct its own foreclosure on the mortgaged property. A lawyer for the lender ran the auction and made the only bid. A representative of the investors attended the auction but did not participate. The lender bought the property. Then, the lender sued the investors for the balance of the loan. The investors protested, claiming that the purchase price was only a fraction of the property's fair market value, thereby needlessly inflating the loan deficiency.

This case poses a question Alabama courts have wrestled with for more than a century: when is the price paid by the lender to buy property in a foreclosure under a power of sale, in the absence of any indicia of fraud, bad faith, or lack of notice, low enough to shock the judicial conscience and, without more, require a court to set aside the sale? Because we are a federal court sitting in diversity jurisdiction, and the question is one of Alabama law, we can only offer our best *Erie* guess. In this case, we decline to set aside the sale. *See Mt. Carmel Estates, Inc. v. Regions Bank*, 853 So. 2d 160, 168 (Ala. 2002); *Breen v. Baldwin County*

[*] Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

*Fed. Sav. Bank*, 567 So. 2d 1329, 1333 (Ala. 1990); *Hayden v. Smith*, 113 So. 293, 295 (Ala. 1927); *Harmon v. Dothan Nat'l Bank*, 64 So. 621, 624–25 (Ala. 1914); *Ward v. Ward*, 19 So. 354, 355–56 (Ala. 1896). In the case at issue, the lender acquired the property for 20%, 30%, or 66% of its fair market value, depending on the appraisal used. But the choice of percentage is not as determinative in the end as the observation that no misconduct tainted the auction. The pleadings in the district court created no genuine issue as to the propriety of the sale or the adequacy of the notice. The investors concede they knew about the auction. (We also note that the investors declined to exercise their statutory right of redemption in the year following the sale.) In the absence of any issue of impropriety, this sale must stand. The trial court did not err in concluding the sale price did not shock the judicial conscience.

We also reject the other arguments the investors raise on appeal. The lender adequately proved the amount of its deficiency. The investors did not argue to the district court their desire for multiple auctions, so we cannot now consider it. And, the district court did not err in awarding attorneys' fees, or in considering the affidavit of the lender's manager, and the appraisal attached to that affidavit.

**AFFIRMED.**