PITTMAN, Judge,
dissenting.
Viewing the record evidence in the light most favorable to the Berrys as the non-movants, the foreclosed property was worth between $84,800 and $86,500 but fetched $33,915 at the judicial sale, an amount that is between 39% and 40% of the property’s fair-market value. As a general rule, a naked claim of inadequacy of a winning bid will not legally support impeaching the validity of a judicial sale “unless the inadequacy is so glaring and grossly disproportionate to the real value of the property as at once to shock the understanding and conscience of an honest and just man and sufficient to create the presumption of fraud.” Martin v. Jones, 268 Ala. 286, 288, 105 So.2d 860, 863 (1958); accord Hayden v. Smith, 216 Ala. 428, 430-31, 113 So. 293, 295 (1927). “The decided cases indicate that in general a price less than one-third of the value of the land will be regarded as grossly inadequate.” Hayden, 216 Ala. at 431, 113 So. at 295. Because I cannot conclude, on these facts, that the price realized at the foreclosure sale was so low as to shock the conscience, I respectfully dissent from the reversal.