182 So. 30

## ROBERTSON v. LYTLE.

### 8 Div. 830.

Supreme Court of Alabama.

June 9, 1938.

Rehearing Denied June 23, 1938.

John A. Lusk & Son, of Guntersville, for appellant.

Street & Orr, of Guntersville, for appellee.

KNIGHT, Justice.

The appellant-plaintiff sued the appellee upon a promissory note, executed by appellee at Murfreesboro, Tennessee, and payable at that place on December 31st, 1930.

This note was secured by a mortgage upon certain real estate located in Madison County, Alabama. The mortgage was foreclosed under the power therein contained on August 30, 1933. The property sold for $3,600, and the note was duly credited with said amount, and after this credit was entered, there still remained

due and owing on said note a substantial balance. To recover judgment for this deficiency, the present suit was instituted. The above facts appear from the complaint.

To this complaint the defendant filed a plea in the following words: "A. . That the recovery is sought on an indebtedness secured by a mortgage on certain real estate executed contemporaneously with the creation of said original indebtedness which mortgage was foreclosed on August 30, 1933, and that said real estate did not upon said foreclosure sale bring its fair and reasonable value at the foreclosure sale and that the note sued on is entitled to be credited with the fair and reasonable value of said property, to-wit, with the sum of fifteen thousand dollars as of the date of August 30, 1933."

The plaintiff demurred to this plea on many grounds, among them, that the plea did not aver sufficient facts to invoke the provisions of what is known as the Deficiency Judgment Act.

The court overruled plaintiff's demurrer to the plea, and thereupon, by reason of this adverse ruling of the court, the plaintiff was forced to a non-suit, with an appeal upon the record.

Prior to the passage and approval of the Deficiency Judgment Act, 1935 (General Acts 1935, p. 184), it was the settled law in this state that, if a sale is made in conformity with the power of sale contained in a mortgage or deed of trust, and a sufficient amount is not realized to satisfy the mortgage debt, the mortgagee may maintain an action, in a court of law, against the mortgagor for the deficiency. Stollenwerck v. Marks & Gayle, 188 Ala. 587, 65 So. 1024, Ann.Cas.1917C, 981; Peeples v. Stolla, 57 Ala. 53; Continental Casualty Co. v. Brawner, 227 Ala. 98, 148 So. 809.

No question of fraud is presented, nor is it denied in the plea that the foreclosure was made strictly in accordance with the power of sale, therefore, the Deficiency Judgment Act (General Acts 1935, p. 184) aside, the plea presented no defense. Dean et al. v. Lyde, 223 Ala. 394, 136 So. 857; Continental Casualty Co. v. Brawner, supra.

If it was the purpose of the defendant by his plea, above set out, to invoke the benefit of the Deficiency Judgment Act of 1935 (assuming for the purpose of this case that the Act was applicable), the plea was manifestly insufficient, and subject to plaintiff's demurrer. The plea makes no reference to the Act, and contains no averment as to any emergency existing at the time of the foreclosure. As observed in the case of Birmingham Trust & Savings Co. v. Joseph, 234 Ala. 271, 175 So. 275, 276: "The clear legislative intent (construing the Deficiency Judgment Act) was for the protection of the debtor's property from sacrifice at a sale during a period of economic depression. Yet the defendant here merely sets up the inadequacy of price at a foreclosure sale, without any reference whatever to the matter of economic depression, or the existence of any emergency that brought the statute into being." [Parenthesis supplied.]

We hold that plea was insufficient in the particulars noted, and the trial court committed error in overruling the plaintiff's demurrer, which aptly pointed out these defects in the plea.

The result is, the judgment of the circuit court must be reversed, the non-suit set aside, the case restored to the docket; and the cause remanded.

Let the appellee pay the cost of this appeal, accruing in this court and in the court below.

Reversed, non-suit set aside, case restored to the docket, and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.