4 So.2d 407

FIRST NAT. BANK OF BIRMINGHAM v. HENDRIX.

8 Div. 49.

Supreme Court of Alabama.

Oct. 30, 1941.

Graham & Wingo, of Birmingham, and Norman W. Harris, of Decatur, for appellant.

S. A. Lynne, of Decatur, for appellee.

LIVINGSTON, Justice.

This is an action on a promissory note in the sum of $10,000 made by defendant and others on June 8, 1922, and payable to the order of the plaintiff on June 8, 1927. Payment of the note was secured by a mortgage on real estate, which mortgage was foreclosed on May 11, 1935. The plaintiff purchased the mortgaged real estate at the foreclosure sale for the sum of $6,205.

The complaint as amended consists of two counts, to which defendant filed four pleas. Pleas 1 and 2 are the general issue. Plea 3 the statute of limitations of six years. Plea 4 is based upon and invokes the benefit of the Deficiency Judgment Act of June 24, 1935, General Acts 1935, pages 184 et seq. Demurrers to plea 4 were overruled.

To plea 3 plaintiff replied the general replication and special replications setting up various payments made on the note by defendant before the bar of the statute of limitations was complete, and within six years of the filing of the suit, and special replications to the effect that the time of the payment of the note sued on had by consent and agreement on the part of the defendant been extended to a date within six years of the commencement of the action.

The cause was tried with a jury, and resulted in a verdict and judgment for the plaintiff for the sum of $6,444.60. The trial court gave at the written request of the plaintiff the general charge on the issue raised by the plea of the statute of limitations and the replications thereto. On motion of the defendant, the trial court set aside the verdict of the jury and the judgment rendered thereon, hence this appeal.

We will not encumber this opinion with a separate discussion of the first nine grounds of the motion. In our opinion, the granting of a new trial based on either of them, in view of the record, constitutes reversible error. Ground 11 alleges that juror Roy Wyatt was biased or prejudiced. Ground 12 is based on the giving of the general charge for the plaintiff on the issue raised by plea 3 and the replications thereto. If the charge was due the plaintiff, it was error to grant a new trial predicated on ground 12.

Ground 10 is predicated on the misconduct of plaintiff's attorneys and juror Roy Wyatt during the course of the trial and deliberation of the jury.

Plea 3, and the replications thereto, present an issue of the application of the statute of limitations of six years.

The note sued on was executed by defendant and others on June 8, 1922, payable to the order of the plaintiff on June 8, 1927, and its payment secured by a mortgage on certain real estate. In July, 1928, the defendant and his associates sold the property mortgaged to one Hennessee, who assumed the mortgage indebtedness due plaintiff. Admittedly, payment of the indebtedness was on June 8, 1927, legally extended to June 8, 1930. By written agreement, signed by plaintiff and Hennessee on August 31, 1930, payment was again extended to June 8, 1931. On December 31, 1931, payment was extended to June 8, 1932. The extension of December 31, 1931, was by written agreement between plaintiff and Hennessee, and below the signatures of the parties the following appears: "The undersigned hereby approve the above ex-

tension and agree and consent to the same. Clyde Hendrix. W. W. Fussell."

On May 11, 1935, the plaintiff purchased the mortgaged realty at foreclosure sale for the sum of $6,205. This suit for the balance due on the note was commenced on June 6, 1938.

The note and mortgage embraced interest at the rate of six and one-half percent per annum, and the first extension agreement provided for the payment of interest at the same rate. The extension agreements of August 31, 1930, and December 31, 1931, provided for the payment of interest at the rate of seven per cent per annum.

■ It is well settled in this State that one who assumes the mortgage debt becomes primarily liable therefor, and as between the parties, the mortgagor and his grantee, the first obligor becomes liable as surety. Pomeroy Eq.Jur. section 2106. And such is the relation to the mortgagee when accepted by such mortgagee as debtor. 41 Corpus Juris page 709, § 744; People's Savings Bank v. Jordan, 200 Ala. 500, 76 So. 442; Maulitz v. Jones, 222 Ala. 609, 133 So. 701. When the mortgagee accepts the relationship thus created, he cannot extend the time of payment without the mortgagor's consent without releasing the mortgagor from liability for the debt.

■ Defendant insists that the extension agreement of August 31, 1930, between the plaintiff and Hennessee was without his consent, and resulted in his discharge, or, at least, a jury question was presented as to his consent. But that question is not material. The uncontradicted evidence is that defendant agreed to the extension of December 31, 1931. That agreement is in evidence. The written consent of defendant is a part of it. In fact, the defendant testified, "I signed the last one," and there is no evidence in the record to the contrary.

The consideration for that extension was the promise of Hennessee to pay interest on the principal note for the extended time (one year), for which he gave his notes. The consideration for Hennessee's promise to pay such interest was the extension of the maturity date of the principal note. The defendant signed the agreement and consented to the extension. No other consideration was necessary to bind either Hennessee or the defendant.

■ An agreement by a surety for a further extension of time of payment after a previous extension to the principal is a waiver of the latter defense. 50 Corpus Juris 155; New Hampshire Savings Bank v. Colcord, 15 N.H. 119, 41 Am.Dec. 685.

■ The agreement extending the time of payment of the principal note had the effect of postponing the commencement of the running of the statute of limitations until the expiration of the period for which the extension was granted. 8 Corpus Juris 441; 10 C.J.S., Bills and Notes, §§ 276, 277; Ferguson v. Hill, 3 Stew. 485, 21 Am. Dec. 641. This action was commenced within six years of the date of the maturity of the note as extended, and the plaintiff was due the charge given on that issue. If the granting of a new trial was predicated on ground 12 the trial court committed reversible error.

■ As stated above, plea 4 is based upon and invokes the benefit of the Deficiency Judgment Act of June 24, 1935, General Acts 1935, pages 184 et seq. The mortgage was foreclosed on May 11, 1935, and this suit was commenced on June 6, 1938, and tried on October 5, 1939. Demurrers to plea 4 were overruled, and the issue presented by the plea was submitted to the jury.

After this cause was tried in the lower court, this Court rendered its decision in the case of First National Bank of Birmingham v. Jaffe, 239 Ala. 567, 196 So. 103, 106, and in which, speaking through Mr. Justice Foster, this Court said: "At the time of the enactment of the Act of 1935, supra, and at the time of the foreclosure of the mortgage in question, the law of Alabama was settled and clear fixing the method of computing the amount of a deficiency claim resulting from the foreclosure of a mortgage in strict conformity to its power. Continental Casualty Co. v. Brawner, 227 Ala. 98, 148 So. 809; Robertson v. Lytle, 236 Ala. 362, 182 So. 30. That circumstance established a vested substantive status when those terms were pursued, leaving an ascertainable debt. The amount of that debt could not be reduced by a law not in existence when that status was established, although the depression existed at the time of the foreclosure and at the time when the law was enacted. And under no aspect of constitutional interpretation could the Act continue to have

effect on a status created before its enactment in a suit heard and determined after the emergency has passed, though the Act by its terms had not terminated. We have heretofore fully discussed that principle. It is a matter well known to all that when this judgment was rendered in April 1939, the emergency had fully passed."

We do not have here a status created by a foreclosure at a time when the Act was in full force, and when such status is in question in court at a time when the force of the Act had terminated.

Clearly, the apt demurrers to plea 4 should have been sustained, and the issue raised thereby should not have been submitted to the jury. By the ruling of the court, the defendant received, over plaintiff's objection, the benefit of a defense to which he was not entitled, and, if error intervened (a question we do not decide) in any ruling on evidence or instructions relating to this defense, it was error without injury, and would not support the granting of a new trial.

Under the undisputed evidence, the plaintiff was entitled to the general charge as to all issues presented, and the verdict of the jury is not excessive.

We will not extend this opinion with a detail discussion of all the facts made the bases of grounds 10 and 11 of the motion for a new trial: they are facts touching the verity of the jury's verdict only.

The plaintiff was entitled to the general charge, and, in consequence, errors, if any otherwise intervening on the trial, were innocuous to the defendant. Donahoo Horse & Mule Co. v. Durick, 193 Ala. 456, 69 So. 545; Bienville Water Supply Co. v. City of Mobile, 125 Ala. 178-184, 27 So. 781. See, also, Supreme Court Rule 45; 2 Alabama Digest (West) ⬿ 1028, 1029, pages 802 et seq.

It therefore follows that the trial court committed reversible error in granting the motion for a new trial, and judgment is here rendered for plaintiff in the sum of $6,444.60 (the amount of the judgment of the lower court) with interest thereon from October 5, 1939.

Reversed and rendered.

GARDNER, C. J., THOMAS, and BROWN, JJ., concur.