57 So.2d 628

## WILSON v. MIKUL et al.
### 6 Div. 347.

Supreme Court of Alabama.
March 13, 1952.

Frank M. James, Birmingham, for appellees.

Andrew W. Griffin, Birmingham, for appellant.

BROWN, Justice.

The bill, filed by the appellant, Winton G. Wilson, June 1, 1951, seeking to exercise the statutory privilege of redemption from the respondents of the lands in controversy who purchased the lands for the sum of $1,650 at a mortgage foreclosure sale made under a decree of the Circuit Court, in Equity, of Jefferson County on June 6, 1949. The mortgage was executed by Carlton and wife.

After the foreclosure Carlton and wife on April 14, 1951, executed a deed to Charles A. J. Beavers, wherein it is recited that in consideration of one dollar and

 

other good and valuable consideration * * * in hand paid, "the receipt whereof is hereby acknowledged, we do remise, release, quitclaim and convey to the said Charles A. J. Beavers all of our right, title, interest and claim in or to the following described real estate, towit: Lot 8, Block 17, according to the survey of Compton, as recorded in the Office of the Probate Judge of Jefferson County, Alabama, in Map Book 1 at page 83, being situated in Jefferson County."

On the 30th day of April, 1951, Charles A. J. Beavers executed to the complainant a deed of the same tenor and legal effect. Thereafter complainant asserting to respondents' solicitor by letter that he had purchased from Beavers the statutory right of redemption, and "a demand in writing on that date for a statement in writing of the debt and all lawful charges by Henry Mikul and L. T. Mikul." This demand, the bill alleges, was ignored and without tender complainant seeks to enforce the statutory privilege of redemption.

The respondents demurred, stating as grounds of demurrer; "For there is no equity in the bill of complaint. * * * (5) It affirmatively appears from the bill of complaint that the complainant does not own the statutory right of redemption as alleged in the bill of complaint."

The cause was submitted for decree on the demurrer to the bill on July 27, 1951, and on the 31st day of August, 1951, the court entered a decree, sustaining the demurrer and dismissing the bill.

■ The law is settled that a quitclaim deed executed after foreclosure of a mortgage purporting to convey title to the real property covered by the mortgage does not operate as an assignment of the statutory privilege of redemption, unless the privilege of redemption is assigned in expressed terms. Lewis v. McBride, 176 Ala. 134, 57 So. 705; Toney v. Chenault, 204 Ala. 329, 85 So. 742; Leith v. Galloway Coal Co., 189 Ala. 204, 66 So. 149; Code of 1940, Tit. 7, § 743; Wragg v. Federal Land Bank, 317 U.S. 325, 63 S.Ct. 273, 87 L.Ed. 300.

■ On the other hand, a quit claim deed executed prior to foreclosure while the grantor has the equity of redemption, which is cut off by foreclosure, leaves the grantee in such deed with the privilege of redemption under the statutes. Code of 1940, Tit. 7, § 727; Upchurch v. West, 234 Ala. 604, 176 So. 186.

■ The allegations of the bill, taken as true, do not show that the complainant acquired the statutory privilege of redemption and nothing appears on the face of the bill to show that it can be amended so as to give it equity. Therefore we are of opinion that the circuit court sustained the defendants' demurrer to the bill and dismissed the same without error.

Affirmed.

FOSTER, LAWSON, SIMPSON and STAKELY, JJ., concur.