239 So.2d 751

James L. TOLER et al.

v.

BALDWIN COUNTY SAVINGS AND LOAN ASSOCIATION, a Corporation, et al.

I Div. 640.

Supreme Court of Alabama.

Sept. 24, 1970.

C. LeNoir Thompson, Bay Minette, for appellants.

Kenneth Cooper, Bay Minette, for appellees.

MERRILL, Justice.

This is an appeal from a judgment in favor of the minor heirs of Joe C. Mosley in an action in equity seeking a declaratory judgment as to the disposition of insurance proceeds received by Baldwin County Savings and Loan Association from a credit life insurance policy on the life of Joe C. Mosley in the amount of $3,058.44.

There was a stipulation by the parties as to some of the facts and there is no conflict in the evidence. The facts were that

Joe C. Mosley and his wife, Julia Mosley, obtained a loan from Baldwin County Savings and Loan Association for the purchase of real estate, giving a mortgage on the property. Joe Mosley made a payment each month to the Loan Association which included principal, interest and insurance premium on a credit life insurance policy which became effective on April 21, 1967. The insurance policy provided that in the event of the death of Mosley, the insurance company would pay the appellee Loan Association the balance due on the mortgage at time of Mosley's death.

On September 15, 1967, the Mosleys conveyed the mortgaged property to James L. Toler and his wife, Dorothy. The deed in that transaction provided that the grantees, the Tolers, were to assume the mortgage payments. These payments continued to include the insurance premium of the credit life insurance policy on Joe Mosley. During the transaction between the Tolers and Mosleys, none of the parties raised any question about the credit insurance policy. Apparently, it was totally overlooked.

The Mosleys were later divorced and Joe Mosley died intestate on October 6, 1968, without remarrying. The insurance company was notified of the death of Mosley; it sent a check to Baldwin County Savings and Loan Association for $3,058.44, the amount due on the mortgage at the time of Mosley's death. The Loan Association deposited the money in an escrow account. The Tolers claim the entire proceeds as do the minor surviving children of Joe Mosley.

On January 9, 1970, the equity court issued a decree awarding the proceeds to the surviving children of Joe Mosley. The court decree said that the assumption of indebtedness by Toler "was an obligation by him to pay the indebtedness, whatever it may be." To award the proceeds to the Tolers "would unjustly enrich them." From this award, this appeal was perfected.

Appropriate assignments of error contest the holding of the trial court. There was no contention made that the insurance company was not liable. It paid the policy and the proceeds are the subject of this litigation.

Alabama has long recognized that a purchaser who assumes the mortgage becomes the principal debtor and the original mortgagors merely sureties. Whittle v. Clark, 219 Ala. 161, 121 So. 530; First National Bank of Birmingham v. Hendrix, 241 Ala. 675, 4 So.2d 407. See Annotation in 21 A.L.R. 439. Alabama also recognizes the rule that where a conveying mortgagor is later forced to pay the debt of the assuming grantee, his rights are subrogated to those of the creditor-mortgagee. Tennessee Valley Bank v. Sewell, 214 Ala. 362, 107 So. 834; McKleroy v. Dishman, 225 Ala. 131, 142 So. 41.

We have not found an Alabama authority on the particular point here involved, and no apt authority is cited in the briefs filed by the parties.

We have considered the following cases which are not exactly like the instant case, but present similar problems arising out of credit insurance on the life of the first debtor: Kincaid v. Alderson, 209 Tenn. 597, 354 S.W.2d 775 (1962); Betts v. Brown, 219 Ga. 782, 136 S.E.2d 365 (1964); Hatley v. Johnston, 265 N.C. 73, 143 S.E.2d 260 (1965); La-Rey, Inc. v. Kowalski, 433 S.W.2d 530 (Tex.Civ.App.1968), and Tighe v. Walton, 233 Miss. 781, 103 So.2d 8 (1958). All of these cases recognized the rights of the estate of the original debtor and most of them held for the estate, either on the ground that the subsequent grantee, the primary debtor, had no insurable interest in the life of the original debtor, or under the doctrine of subrogation.

Here, we have a case which will not often arise. The Association, the beneficiary in the credit life insurance policy, did not and does not insist that the proceeds of the policy pay the outstanding debt. Therefore, the only question to be resolved is a disposition of the claim of the Tolers as opposed to the claims of Mosley's heirs.

Mosley contracted for the insurance and that the premium payments would be included in his monthly payments on the debt. When the Mosleys sold to the Tolers, there was and is no suggestion of fraud, deceit, concealment or unfair dealing. The Tolers agreed to continue the monthly payments on the debt, even though the insurance premiums were included. The life insurance was written on the life of Mosley for the benefit of the Association, the beneficiary. The Tolers are not mentioned in the policy and no assigns of Mosley are suggested. The Tolers were strangers to the insurance except that they unwittingly, but willingly, paid the premiums for one year. The Tolers had contracted to assume the mortgage and pay it off. They had no legal claim for anyone else to discharge their obligation for them. To allow them to receive the benefits of the insurance policy would amount to unjust enrichment at the expense of the minor heirs of Mosley, especially since the Tolers did not even know of such a policy. The Tolers had no insurable interest in the life of Joe C. Mosley. As between Mosley's heirs and the Tolers, the equities are in favor of the former.

The trial court correctly found in favor of Mosley's heirs, and we think the result would have been the same under any of the authorities cited in this opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, HARWOOD and MADDOX, JJ., concur.