Melvin P. DAVIS and Carol K. Davis, Plaintiffs,

v.

NATIONAL HOMES ACCEPTANCE CORPORATION; Janie B. Airhard and Max Cleland, as Administrator of Veterans, Veterans Administration of the United States of America, Defendants.

Civ. A. No. 80–C–1126–S.

United States District Court, N. D. Alabama, S. D.

Oct. 1, 1981.

Carleton P. Ketcham, Jr., Birmingham, Ala., for plaintiffs.

Frank Donaldson, U. S. Atty., Birmingham, Ala., for defendants.

## MEMORANDUM OPINION

CLEMON, District Judge.

The intervenor-defendant [1] Lomas & Nettleton Company has moved the Court for summary judgment in its favor. The pleadings, affidavits, and documents provided the Court in support of summary judgment [2] show that there is no genuine issue as to any material facts and the defendants are entitled to judgment as a matter of law. Summary judgment shall accordingly be granted.

Plaintiffs Melvin P. Davis and Carol K. Davis brought this action for declaratory judgment seeking a determination of the parties' respective obligations with respect to a Veterans-Administration guaranteed mortgage loan. In 1976, the plaintiffs executed and delivered to Baker Mortgage Company a mortgage on certain property in Jefferson County, Alabama. The mortgage was guaranteed by the Veterans Administration ("VA"). Baker Mortgage Company later assigned and sold this mortgage to National Homes Acceptance Corporation ("NHAC").

On February 15, 1978 the plaintiffs conveyed, by warranty deed, their interest in the property to Dwight W. Kline. The warranty deed contains the recitation:

> As part of the consideration herein, grantee agrees to assume and pay the balance of approximately $31,710.00 on that certain mortgage from grantors to Baker Mortgage Corporation recorded in Real Volume 1346, page 869, said mortgage transferred to National Homes Acceptance Corporation. . . .

Contrary to the allegation of the complaint, there is no evidence before the Court that the sale to Kline was conditioned upon the Davises being released from their obligation to NHAC.[3] Following the sale, NHAC was furnished by plaintiffs' counsel with a copy of the warranty deed by which the property was conveyed from the plaintiffs to Kline, a $35.00 "transfer fee", and an assignment and disclaimer to escrow funds. NHAC acknowledged the conveyance, and Kline commenced making his mortgage payments to NHAC. Plaintiffs never requested of VA, and VA never gave them a release of their obligation to indemnify VA in the event that VA were called upon to pay a deficiency following a default.

---

1. Defendants Janie B. Airhard and Max Cleland have previously been dismissed by order of this Court.

2. No formal discovery has been undertaken in this case, although issue has been joined for eleven months.

3. "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest on the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." FRCP 56(e).

By the first part of February, 1979, Kline had defaulted on the loan, and on May 16, 1979, the VA wrote to plaintiff Melvin Davis and advised him that VA, in turn, had been informed by NHAC that Kline was delinquent with the payments on his loan, and that "foreclosure appears probable". The letter was sent to the address of the property.

NHAC published in the *Alabama Messenger*, a weekly newspaper of general circulation in Jefferson County, Alabama, a notice of the foreclosure sale. The notice was published on June 30, July 7, July 14, and July 21, 1979. The notice related that the foreclosure sale would take place on July 23, 1979, at the Jefferson County Courthouse.

The property was sold on August 13, 1979 in front of the courthouse door to the highest bidder—NHAC, for $19,834.00. The foreclosure sale resulted in a deficiency of $14,038.37; and upon demand by NHAC, VA paid the total amount of the deficiency to NHAC. After plaintiffs initiated this action, VA counterclaimed against them for the amount of the deficiency and for accelerated decay or waste of the premises. Intervenor-defendant Lomas & Nettleton Company subsequently succeeded in interest to the property purchased by NHAC at the foreclosure sale.

Plaintiffs have consented to the entry of judgment dismissing the VA as a party to this action, and granting VA's counterclaim against them in the amount of $2,500.00. Thus, the only remaining issues are whether plaintiffs were released by NHAC from their obligation to repay the loan, and whether the foreclosure conducted by NHAC was invalid for failure to give the statutorily required notice.

■ There can be no question but that the foreclosure sale met the publication requirements of § 35–10–8 of the *Code of Alabama of 1975*. The uncontroverted affidavits reflect publication of all the statutorily required information in a well established weekly newspaper for three successive weeks. Defendants are entitled to judgment as a matter of law on this issue. *Appelbaum v. First Nat'l Bank*, 235 Ala. 380, 179 So. 373 (1938); *Hayden v. Smith*, 216 Ala. 428, 113 So. 293 (1927).

■ On the issue of whether plaintiffs have been released from their obligation to repay the loan to VA, the law is clear that only the VA has the power to grant such release.[4] Absent such a release from the VA, plaintiffs are under an independent obligation to indemnify VA for amounts paid under the guaranty, and the terms of the guaranty are governed by federal law. *United States v. Shimer*, 367 U.S. 374, 81 S.Ct. 1554, 6 L.Ed.2d 908 (1961); *United States v. Rossi*, 342 F.2d 505 (9th Cir. 1965).

■ As found earlier, the evidence does not disclose that NHAC released plaintiffs from their secondary liability at anytime after Kline assumed the mortgage. Plaintiffs therefore remained liable as sureties to mortgagee NHAC under settled Alabama law. *Toler v. Baldwin County Savings and Loan Ass'n*, 286 Ala. 320, 239 So.2d 751 (1970); *Maulitz v. Jones*, 222 Ala. 609, 133 So. 701 (1931); *First Nat'l Bank of B'ham v. Hendrix*, 241 Ala. 675, 4 So.2d 407 (1941); *Tennessee Coal, Iron & R. Co. v. Jourdan*, 221 Ala. 106, 128 So. 132 (1930).

■ Plaintiffs' claim of a novation must fall; since there was no new contract which, by the agreement of all the parties, extinguished the old contract or obligation. *St. Clair Industries Inc. v. Harmon's Pipe & Fitting Co.*, 282 Ala. 466, 213 So.2d 201, 206 (1968); *Hopkins v. Jordan*, 201 Ala. 184, 77 So. 710 (1918); *Butler v. Walton*, 257 Ala. 714, 56 So.2d 369 (1951).

---

4. (a) Whenever any veteran disposes of residential property securing a guaranteed, insured, or direct loan obtained by the veteran, the Administrator, upon application by the veteran and by the transferee incident to such disposal, shall issue to the veteran in connection with such disposal a release relieving the veteran of all further liability (including liability for any loss resulting from any default of the transferee or any subsequent purchaser of such property) if the Administrator has determined, after such investigation as the Administrator may deem appropriate.... (38 U.S.C. § 1817).

Defendants are accordingly entitled to judgment as a matter of law on the second and final issue before the Court.

By separate order, summary judgment shall be entered for defendants, consistent with this opinion.