This is an appeal from the trial court's denial of Daugherty Associates' Rule 60(b), A.R.Civ.P., motion for relief from a consent judgment. We affirm.
On March 18, 1986, First Southern Federal Savings and Loan Association foreclosed its mortgage on certain property. Daugherty Associates ("Daugherty") purchased this property at the foreclosure sale. On February 12, 1987, Earl C. Bloom, attorney for Perry and Nancy Russell, the debtors under the foreclosed mortgage, requested that Daugherty furnish a written statement of the debt and lawful charges, pursuant to Ala. Code 1975, § 6-5-234. Daugherty responded, by furnishing the Russells' attorney with a statement of charges, within the time specified in § 6-5-234. On March 11, 1987, Daugherty was again contacted by Bloom, who stated that Ms. Russell's daughter, Linda M. Silmon, had acquired the statutory right of redemption from Ms. Russell (Ms. Russell had previously received Mr. Russell's right of redemption) and that she demanded a written statement of the debt and lawful charges. The next day, Ms. Silmon filed a complaint seeking to redeem the property, in which she alleged that Daugherty was seeking unlawful charges and excessive interest and that she was unable to ascertain the true amount owed. Silmon did not tender any amount to Daugherty prior to filing her complaint. On March 20, 1987, a second statement of charges was delivered to Ms. Silmon.[1]
A settlement was subsequently reached by the parties whereby Daugherty agreed, on advice of counsel, that Silmon could redeem the property for $16,700. The court entered a consent judgment. Within four months, Daugherty filed a Rule 60(b) motion to set aside that judgment. It is from the denial of this motion that Daugherty appeals.
The dispositive issue is whether the trial court abused its discretion in denying Daugherty's Rule 60(b) motion.
This Court in Raine v. First Western Bank,362 So.2d 846, 848 (Ala. 1978), stated:
 "It is equally well-settled that the denial of a 60(b) motion does not bring up for review on appeal the correctness of the judgment which the movant seeks to set aside, but is limited to deciding the correctness of the order from which he appeals."
The grant or denial of a Rule 60(b) motion is a matter largely within the discretion of the trial court, subject to reversal only upon an abuse thereof. Douglass v. Capital City Church of theNazarene, 443 So.2d 917 (Ala. 1983); Exparte Hartford Insurance Co., 394 So.2d 933
(Ala. 1981). In exercising its discretion, the court must balance the need to remedy injustice against the need for finality of judgments.Raine v. First Western Bank, supra.
To obtain relief under Rule 60(b), one must allege and prove one of the grounds enumerated in the rule, as well as a meritorious defense to the action. See Frazier v. Malone,387 So.2d 145 (Ala. 1980).
In its motion, Daugherty asserted that it was entitled to relief from the judgment under (1) Rule 60(b)(1), which permits relief from judgments based on "mistake, inadvertence, surprise, or excusable neglect", and (2) Rule 60(b)(6), which permits relief for "any other reason justifying relief from the operation of the judgment."
Daugherty's first contention was that Ms. Silmon never made a request for a written statement of charges necessary to redeem. This contention is not supported by the record.
Daugherty next argues that Ms. Silmon never tendered Daugherty the sum necessary to redeem the foreclosed property. Tender of payment is a condition precedent *Page 137 
to filing a complaint to redeem, unless excused.Rhoden v. Miller, 495 So.2d 54 (Ala. 1986); Moore v. Horton, 491 So.2d 921
(Ala. 1986). It is undisputed that Ms. Silmon did not tender the amount requested by Daugherty prior to filing her complaint. In her complaint, she alleged the following as an excuse for not tendering the amount requested:
 "7. The statement provided by the Defendant does not meet the requirements of § 6-5-235 (Code of Alabama, 1975) in that the Defendant seeks unlawful charges and excessive interest on the purchase money paid by the Defendant, and . . . excessive interest on such unlawful charges.
 "8. [Plaintiff] further avers that she cannot tender the necessary amount to redeem due to her inability to ascertain the correct amount necessary to be paid or tendered.
 "9. [Plaintiff] is unsure as to the accuracy of the figures provided to her by the Defendant, upon which the Plaintiff would have made her tender, and therefore seeks the intervention of this Court to determine the proper amount due."
The trial court found that the allegations in Ms. Silmon's complaint were sufficient to excuse her from tendering to Daugherty payment of the debt and lawful charges as required by statute, citing Cummings v. Vann, 215 Ala. 488,111 So. 229 (1927); Alexander v. Letson, 232 Ala. 208,167 So. 265 (1936); and Moore v. Horton,491 So.2d 921 (Ala. 1986). Daugherty, however, insists that the trial court erred in its finding, arguing that, because Silmon filed her complaint prior to the expiration of the 10-day period under § 6-5-234, the allegations in her complaint could not serve to excuse tender because Ms. Silmon had not yet received a statement of charges from Daugherty. We are not persuaded by this argument. There was no mistake, inadvertence, surprise, or excusable neglect that would have entitled Daugherty to relief. The term "mistake, inadvertence, surprise, or excusable neglect," as used in Rule 60(b)(1), A.R.Civ.P., does not encompass a mistake of law. City of Birmingham v. City of Fairfield,396 So.2d 692 (Ala. 1981). Nor can a mistake of law be a basis for granting relief under A.R.Civ.P. 60(b)(6). This Court has held that Rule 60(b)(6) motions are reserved for extraordinary circumstances and are available only in cases of extreme hardship or injustice. Smith v. Clark,468 So.2d 138 (Ala. 1985). Here, there were no extraordinary circumstances, nor had any extreme hardship or injustice been done to Daugherty. Daugherty purchased the property at the foreclosure sale with the knowledge that there was a chance of redemption, in which case it would recover the purchase price, together with 10% interest thereon and all other lawful charges, with legal interest.[2]
Daugherty further contends that Ms. Silmon filed her complaint to redeem in order to extend the time for redemption. Section 6-5-230 requires that the party desiring to redeem do so within one year from the date of the foreclosure sale. In the present case, Ms. Silmon notified Daugherty of her intention to redeem the property and filed her complaint within the one-year period. Daugherty argues that the allegations contained in Ms. Silmon's complaint were unsupported and, therefore, were insufficient to excuse her from tendering, prior to filing her complaint. The trial court found that the allegations were sufficient to excuse tender. In City of Birmingham v. City of Fairfield, supra, the Court held that neither Rule 60(b)(1) nor (6) was intended as a method for the trial court to review its legal conclusions. Therefore, it was not error for the trial court to deny the Rule 60(b) motion.
Daugherty contends that the Russells did not possess the statutory right of redemption and, therefore, could not transfer such a right to Ms. Silmon. Daugherty bases this contention on the fact that the Russells were not the mortgagors of the property but rather assumed the mortgage from the mortgagors. *Page 138 
In Toler v. Baldwin County Savings LoanAssociation, 286 Ala. 320, 322, 239 So.2d 751, 752
(1970), the Court stated:
 "Alabama has long recognized that a purchaser who assumes the mortgage becomes the principal debtor and the original mortgagors merely sureties. Whittle v. Clark, 219 Ala. 161, 121 So. 530; First National Bank of Birmingham v. Hendrix, 241 Ala. 675, 4 So.2d 407."
Section 6-5-230 provides that "the debtor, junior mortgagee, vendee of the debtor or assignee of the equitable or statutory right of redemption, wife, widow, child, heir at law, devisee or any vendee or assignee of the right of redemption under this Code from the purchaser or his vendee" can redeem. Thus, the Russells had the right to redeem.
Under § 6-5-230, the statutory right of redemption is clearly assignable. In the present case Ms. Russell conveyed to Ms. Silmon, by quitclaim deed, all of her right, title, interest, and claims in or to the property in question, and she specifically granted and conveyed to Ms. Silmon the statutory right of redemption. This was effective to convey to Ms. Silmon the statutory right of redemption. Wilsonv. Mikul, 257 Ala. 112, 113, 57 So.2d 628, 629
(1952).[3]
The trial court did not abuse its discretion in denying Daugherty's Rule 60(b) motion.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.
[1] The two statements of charges were identical.
[2] See Ala. Code 1975, § 6-5-235.
[3] In Wilson this Court stated that "a quitclaim deed executed after foreclosure of a mortgage purporting to convey title to the real property covered by the mortgage does not operate as an assignment of the statutory privilege of redemption, unless the privilege of redemption isassigned in expressed terms."