Alvie Higgins appeals from the trial court's denial of her Rule 60(b), A.R.Civ.P., motion to set aside a consent judgment.
At his death on June 29, 1981, H.V. Rabon held title to a house and lot in Monroe County, Alabama, as a tenant in common with his wife, Velma Rabon. The Rabons had no children. Mr. Rabon died intestate and his estate was never administered. Mrs. Rabon died testate on January 28, 1983, naming Alvie Higgins as the sole beneficiary under her will. Mrs. Rabon's will was admitted to probate in Escambia County, Florida, and was admitted to probate in Monroe County in an ancillary proceeding.
Higgins renovated the house and rented the property to tenants. When Higgins attempted to sell the property, a title examination revealed that Mr. and Mrs. Rabon had held title to the property as tenants in common. Higgins, as personal representative of Mrs. Rabon, then filed a petition in the Monroe County Probate Court to set aside Mrs. Rabon's homestead. The heirs of Mr. Rabon contested the petition; however, the probate court set aside the homestead. Mr. Rabon's heirs then appealed to the circuit court. The parties entered into a consent settlement, which was adopted as the court's order on September 14, 1988. Pursuant to the order, Mr. Rabon's collateral heirs received a one-half interest in the property and Higgins, as the sole beneficiary under Mrs. Rabon's will, received a one-half interest in the property. The order also provided that the rental income be divided and that Higgins be reimbursed for the expense she had incurred in renovating the house.
After that judgment was entered, Higgins learned that, pursuant to the law of intestate succession at the time of Mr. Rabon's death, title had vested in Mrs. Rabon *Page 1260 
upon Mr. Rabon's death.[1] On August 1, 1989, Higgins filed a motion to set aside the consent judgment, pursuant to Rule 60(b), A.R.Civ.P., on the ground that the judgment was void and did not promote substantial justice. A hearing was held on the motion, at which time Higgins argued that the consent settlement was entered under a mistake of fact — the belief that both parties were entitled to the property — and a mistake regarding the intestate succession law as it existed at Mr. Rabon's death. Higgins also argued that the consent judgment was a contract procured under a mutual mistake of law and, therefore, that it should be set aside under Rule 60(b)(6). In its order denying the motion, the trial court held that 1) the judgment was not void under Rule 60(b)(4) merely because the wrong law was applied, 2) relief under Rule 60(b)(1) must be denied because the motion was not brought within four months from the date of judgment, and 3) relief under Rule 60(b)(6) must be denied because that rule is mutually exclusive of the other grounds available under Rule 60(b), and the relief sought fell within the provisions of Rule 60(b)(1).
Higgins contends that the consent judgment is a contract and argues that the trial court erred in refusing to recognize any equitable principles under Rule 60(b)(6) in support of rescinding the contract. Higgins also contends that the trial court erroneously applied Rule 60(b)(1) to a motion brought pursuant to Rule 60(b)(6).
This Court clarified the standard of review of a denial of a Rule 60(b) motion in Ex parte Dowling, 477 So.2d 400, 403 (Ala. 1985), stating:
 "A strong presumption of correctness attaches to the trial court's determination of a motion made pursuant to Rule 60(b), and the decision whether to grant or deny the motion is within the sound discretion of the trial judge, and the appellate standard of review is whether the trial court abused its discretion."
(Citation omitted.) In Daugherty Associates v. Silmon,535 So.2d 135 (Ala. 1988), this Court, in reviewing a trial court's denial of a Rule 60(b) motion for relief from a consent judgment, stated that "[t]he term, 'mistake, inadvertence, surprise, or excusable neglect,' as used in Rule 60(b)(1), A.R.Civ.P., does not encompass a mistake of law. Nor can a mistake of law be a basis for granting relief under A.R.Civ.P. 60(b)(6)." 535 So.2d at 137 (citations omitted).
After reviewing the record before us, we conclude that the substance of Higgins's Rule 60(b) motion was a request for relief on the ground of a mistake of law. On the authority ofDaugherty Associates v. Silmon, supra, we hold that the trial court did not abuse its discretion in denying Higgins's Rule 60(b) motion. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX and ADAMS, JJ., concur.
ALMON, J., concurs in the result.
[1] The 1980 amendment to the former intestate succession statute, Ala. Code 1975, § 43-3-1, rewrote that statute to place the intestate's surviving spouse ahead of the intestate's collateral heirs in the order of succession.