Rel: December 15, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2023-2024

_____

### SC-2023-0069

_____

**Stacey Littlefield and Scott Littlefield**

**v.**

**Terry Daniel Smith, Staci Herring Smith, and Planet Home Lending, LLC**

**Appeal from Jefferson Circuit Court**
**(CV-20-902963)**

PARKER, Chief Justice.

This appeal arises from a summary judgment entered in favor of

the purchasers of a home that had been foreclosed on by the mortgagee

but was still occupied by the defaulting mortgagors. The Jefferson Circuit Court entered the summary judgment in favor of the purchasers in their ejectment/declaratory-judgment action against the defaulting mortgagors. It also entered a summary judgment in favor of the purchasers and the mortgagee on the defaulting mortgagors' counterclaims against them. The defaulting mortgagors appealed. We affirm.

<u>I. Facts</u>

In May 2019, Scott Littlefield and Stacey Littlefield purchased a home with a loan from Planet Home Lending, LLC ("Planet"). The loan was secured by a mortgage, which contained a provision requiring Planet to send the Littlefields notice of intent to accelerate the loan in the event the Littlefields defaulted. Under that provision, such notice had to "specify … a date, <u>not less than 30 days from the date the notice is given</u>, … by which the default must be cured."

The Littlefields did not make any mortgage payments. Planet prepared two identical letters notifying the Littlefields of its intent to accelerate the loan. Although the letters were dated October 2, 2019, they

2

were purportedly mailed on October 3, 2019. In the letters, Planet gave the Littlefields until November 1, 2019, to cure the default.

The Littlefields did not cure the default, and Planet foreclosed on the Littlefields' home and purchased it at the foreclosure sale. Planet then sold the home to Terry Daniel Smith and Staci Herring Smith. The Smiths demanded that the Littlefields vacate the home, but the Littlefields refused. The Smiths commenced an ejectment action against the Littlefields. They later added a request for a judgment declaring that the Littlefields had forfeited their redemption rights.

In their answer, the Littlefields asserted affirmative defenses to the Smiths' ejectment claim. They also asserted several counterclaims and added Planet as a counterclaim defendant. Against both the Smiths and Planet, the Littlefields sought a judgment declaring that the foreclosure was void because Planet had failed to comply with the mortgage's notice requirements. The Littlefields also asserted a slander-of-title claim against the Smiths and Planet. Against Planet only, the Littlefields asserted claims of breach of contract, wrongful foreclosure, and violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq. The Smiths then asserted against Planet a breach-of-

3

warranty-of-title cross-claim in the event that the Littlefields established that the foreclosure was void.

Planet moved for a summary judgment against the Littlefields on their counterclaims and against the Smiths on their cross-claim. The Smiths also moved for a summary judgment on their claims against the Littlefields, on the Littlefields' counterclaims against them, and on their cross-claim against Planet. The Littlefields moved for a summary judgment on the Smiths' claims against them and on their counterclaims seeking a declaratory judgment (against all counterclaim defendants) and alleging breach of contract (against Planet only).

The circuit court entered a summary judgment against the Littlefields and in favor of the Smiths and Planet. It ruled that October 3 was day 1 of the 30-day cure period and that the notices were therefore valid. It denied the Littlefields' motion for a summary judgment against the Smiths and Planet on its counterclaims, and it dismissed as moot the Smiths' cross-claim against Planet. The Littlefields filed a motion to alter, amend, or vacate the judgment, which was denied by operation of law. The Littlefields appealed.

## II. Standard of Review

"This Court's review of a summary judgment is de novo. We apply the same standard of review as the trial court applied. Specifically, we must determine whether the movant has made a prima facie showing that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law. In making such a determination, we must review the evidence in the light most favorable to the nonmovant. Once the movant makes a prima facie showing that there is no genuine issue of material fact, the burden then shifts to the nonmovant to produce 'substantial evidence' as to the existence of a genuine issue of material fact. '[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.'"

Dow v. Alabama Democratic Party, 897 So. 2d 1035, 1038-39 (Ala. 2004) (citations omitted). Moreover, "[w]e may affirm the circuit court's judgment for any legal, valid reason, even one not raised in or considered by the circuit court, unless due-process fairness principles require that the ground have been raised below and it was not." State v. Epic Tech, LLC, [Ms. 1210012, May 20, 2022] ___ So. 3d ___, ___ (Ala. 2022).

### III. Analysis

The Littlefields make two alternative arguments for reversal. First, they contend that October 3, the date the notice letters were purportedly mailed, was merely the triggering event from which the 30 days of the cure period are counted, not day 1 of the cure period. Accordingly, they

contend that the notice letters failed to strictly comply with the mortgage's notice requirements, and, thus, that the foreclosure was invalid. Second, they contend that, even if the date of mailing counts as day 1 of the 30-day cure period, the notice letters in this case were still not effective because Planet never sent them. The Littlefields contend that their testimony that they never received the notice letters created a genuine issue of material fact regarding whether they received the letters.

The Smiths and Planet raise several arguments in response, but we find one argument made by Planet dispositive. Planet contends that, even if the notice letters gave the Littlefields less than 30 days to cure the default, and even if that defect was material, the foreclosure was merely voidable, not void. They further contend that, because the Littlefields did not directly challenge the foreclosure before the Smiths purchased the home, the foreclosure cannot be set aside because the Smiths were bona fide purchasers for value.

Planet's argument is based on several decisions construing Alabama's nonjudicial-foreclosure statutes. Section 35-10-8, Ala. Code 1975, sets forth various requirements for nonjudicial-foreclosure sales,

one of which is that "[n]otice of said sale shall be given in the manner provided in such mortgage." Section 35-10-9, Ala. Code 1975, provides that foreclosure sales made "contrary to the provisions of this article [i.e., Title 35, Chapter 10, Article 1], shall be null and void." In <u>Dewberry v. Bank of Standing Rock</u>, 227 Ala. 484, 492, 150 So. 463, 469 (1933), this Court held that those statutes together provide that foreclosure sales conducted contrary to the powers contained in mortgages are null and void. However, only five years later, this Court interpreted those statutes as providing that foreclosure sales that do not comply with the provisions of the mortgage or the nonjudicial-foreclosure statutes are "voidable on direct attack." <u>Appelbaum v. First Nat'l Bank of Birmingham</u>, 235 Ala. 380, 383, 179 So. 373, 375 (1938). See also <u>Vick v. Bishop</u>, 252 Ala. 250, 253, 40 So. 2d 845, 848 (1949) (same).[1] Thus, according to Planet, even if the notice letters did not comply with the mortgage's notice

---

[1]Although this Court's language in <u>Appelbaum</u> and <u>Vick</u> using the term "voidable" appears to be in facial tension with the "null and void" language of § 35-10-9, we do not address whether those cases were correctly decided because none of the parties has asked us to revisit or overrule them. <u>Moore v. Prudential Residential Servs. Ltd. P'ship</u>, 849 So. 2d 914, 926 (Ala. 2002) ("Stare decisis commands, at a minimum, a degree of respect from this Court that makes it disinclined to overrule controlling precedent when it is not invited to do so.").

requirements, the foreclosure was merely voidable, and the Littlefields could not raise the defect in the notice letters after title had been transferred to the Smiths.

One of the differences between a void and a voidable foreclosure sale is that a void sale can be set aside even if the property has passed to a bona fide purchaser, whereas a voidable sale can be set aside only if the property has <u>not</u> passed to a bona fide purchaser. <u>Campbell v. Bank of America, N.A.</u>, 141 So. 3d 492, 495 (Ala. Civ. App. 2012). See also 12 <u>Thompson on Real Property</u> §§ 101.04(c)(2)(i) and 101.04(c)(2)(ii) at 402-03 (David A. Thomas ed. 1994)). The rule that a voidable sale cannot be set aside if legal title has passed to a bona fide purchaser " 'follows from the traditional common law rule that a subsequent bona fide purchaser of a legal title takes free of hidden equities.' " <u>Campbell</u>, 141 So. 3d at 495 (quoting 12 <u>Thompson on Real Property</u> § 101.04(c)(2)(ii) at 403). " 'The right of an injured party to set aside a deed because of flaws that produce only a voidable title is an equitable right cut off by transfer to a bona fide purchaser.' " <u>Id.</u>

8

In <u>Campbell</u>, the Court of Civil Appeals identified the relatively few circumstances that Alabama courts have held render a foreclosure sale void. Those circumstances include:

"(1) when the foreclosing entity does not have the legal right to exercise the power of sale, as, for example, when that entity is neither the assignee of the mortgage, nor the holder of the promissory note at the time it commences the foreclosure proceedings; (2) when 'the debt secured by the mortgage was fully paid prior to foreclosure'; (3) when the foreclosing entity failed to give notice of the time and place of the foreclosure sale; and (4) when the purchase price paid is '"so inadequate as to shock the conscience, it may itself raise a presumption of fraud, trickery, unfairness, or culpable mismanagement, and therefore be sufficient ground for setting the sale aside."'"

<u>Campbell</u>, 141 So. 3d at 495-96 (citations omitted). None of those situations exists here. Thus, it appears that Planet's failure to give the notice required by the mortgage rendered the foreclosure only voidable, not void.

The Littlefields respond by noting that their declaratory-judgment counterclaim was a direct challenge to the foreclosure and, thus, that it does not matter whether Planet's failure to provide sufficient time to cure rendered the foreclosure void or voidable. The Littlefields' argument picks up on a different, but related, difference between a void foreclosure sale and a voidable one. As the Court of Civil Appeals explained:

9

> "In a <u>direct</u> attack on a foreclosure -- that is, an action seeking declaratory and injunctive relief to halt the foreclosure sale before it occurs or <u>an action to set aside the sale after it has occurred</u> -- any circumstance in the foreclosure process that would render the foreclosure sale void <u>or voidable</u> may be asserted. In a proceeding involving a <u>collateral</u> attack on a foreclosure, however, only those circumstances that would render the foreclosure sale <u>void</u> may be raised as an affirmative defense."

<u>Campbell</u>, 141 So. 3d at 494 (some emphasis added; citations omitted).

But even if the Littlefields are correct that their counterclaim was a direct action under <u>Campbell</u>, meaning that they could raise an issue that would render the foreclosure sale voidable, they could not raise such an issue once title to the property passed to a bona fide purchaser. In other words, there are two independent restrictions that apply when a party challenges a foreclosure on grounds that render it merely voidable: (1) the challenge must be brought in a direct action and (2) the challenge must be brought before title passes to a bona fide purchaser. Here, the second restriction is not satisfied because title had already passed to the Smiths when the Littlefields asserted their counterclaim.

The Littlefields also contend that, in <u>Ex parte Turner</u>, 254 So. 3d 207 (Ala. 2017), this Court held that a foreclosure was void because the mortgagee had failed to notify the mortgagors of their right to bring a

court action challenging the foreclosure. <u>Turner</u> is unavailing because this Court did not decide whether the mortgagee's failure to comply with the mortgage's notice requirements rendered the foreclosure sale void or voidable. It did not need to do so because title had not passed to a bona fide purchaser. Instead, the mortgagee bought the property at the foreclosure sale and continued to hold title to the property when the mortgagors commenced their action. "A mortgagee purchasing at a sale conducted by the mortgagee will not likely qualify as a bona fide purchaser, since the mortgagee/purchaser should be aware of the irregularity [that] makes the sale voidable." 12 <u>Thompson on Real Property</u> § 101.04(c)(2)(ii) at 403-04. Because there was no bona fide purchaser, the mortgagors could challenge the foreclosure as either void or voidable. Accordingly, this Court held that the foreclosure in <u>Turner</u> "failed" without specifying whether it was void or voidable.[2] 254 So. 3d at 213.

---

[2]<u>Turner</u> could be read as necessarily holding that the foreclosure was void because the mortgagors challenged the validity of the foreclosure in a defense to the mortgagee's ejectment action, which was a collateral attack. Had the foreclosure been merely voidable, the mortgagors would have had to challenge it in a direct action. There, the

Finally, the Littlefields made no effort to demonstrate that there was any genuine issue of material fact regarding whether the Smiths were bona fide purchasers. Because of that omission, and because the foreclosure was merely voidable, not void, the Littlefields' counterclaims challenging the validity of the foreclosure and sale to the Smiths -- i.e., their declaratory-judgment claim and their slander-of-title claim -- fail as a matter of law. Accordingly, the Smiths and Planet were entitled to a judgment as a matter of law on those claims.

Further, the Littlefields make no argument that there is a genuine issue of material fact regarding the Smiths' ejectment claim, including

_____

notice was deficient because it failed to notify the mortgagors of their right to bring a court action directly challenging the foreclosure. A holding that that defect made the foreclosure merely voidable, and thus subject to only a direct attack, would have deprived the mortgagors of any notice of their only method of challenging the foreclosure. As we noted in <u>Turner</u>, the requirement that a party be given notice of his right to challenge a foreclosure by a court action is important because it preserves his right to raise defects that might render the foreclosure only voidable. See <u>Turner</u>, 254 So. 3d at 212 n.2. Thus, to the extent that <u>Turner</u> can be read as necessarily holding that the foreclosure was void, it appears that that holding was limited to the type of defect present in that case. In other words, in addition to <u>Campbell</u>'s limited list of defects that render a foreclosure void, <u>Turner</u> potentially added the failure to notify a party of his right to directly challenge a foreclosure. It did not alter the general rule that deficient notice renders a foreclosure merely voidable.

the circuit court's award of damages for mesne profits. And as explained above, the only affirmative defense to the Smiths' ejectment claim that they assert on appeal -- that the foreclosure was invalid because of the deficient notice -- is barred by the transfer of title to a bona fide purchaser and as a collateral attack on the foreclosure on a basis that would render the foreclosure only voidable. Campbell, 141 So. 3d at 494 ("In a proceeding involving a collateral attack on a foreclosure, however, only those circumstances that would render the foreclosure sale void may be raised as an affirmative defense."). Accordingly, the Smiths were entitled to a judgment as a matter of law in their favor on their ejectment claim.

We turn next to the Smiths' one claim that the Littlefields do not challenge on the basis that the foreclosure was invalid, namely, their claim for a judgment declaring that the Littlefields forfeited their redemption rights. In its judgment, the circuit court ruled that the Littlefields forfeited their right to redeem the property because they did not deliver possession of the property to Planet within 10 days after Planet demanded possession. The Littlefields do not challenge that ruling on appeal. "When an appellant fails to argue an issue in its brief, that issue is waived." Boshell v. Keith, 418 So. 2d 89, 92 (Ala. 1982).

13

Accordingly, the circuit court's judgment on that claim is due to be affirmed on that basis alone.

Similarly, the Littlefields do not make any arguments challenging the circuit court's rulings on their counterclaims against Planet alleging wrongful foreclosure and violation of the RESPA. Even after Planet included arguments in its appellate brief offering alternative reasons why it was entitled to a judgment as a matter of law on those claims, the Littlefields did not reply to those arguments in their reply brief. Accordingly, the Littlefields are deemed to have abandoned those counterclaims on appeal, and the circuit court's judgment on those claims is due to be affirmed.

The only remaining claim is the Littlefields' counterclaim against Planet alleging breach of contract for failing to comply with the notice requirements of the mortgage. In their briefs, the parties discuss the Littlefields' breach-of-contract claim against Planet with their declaratory-judgment claim because both claims involve the question whether Planet strictly complied with the terms of the mortgage. But even though both claims involve that question, the two claims are fundamentally different. As discussed above, the declaratory-judgment

14

claim sought a declaration that Planet's failure to comply with the mortgage's notice requirements rendered the foreclosure void. By contrast, the breach-of-contract claim did not require a finding that the foreclosure was void; even if the foreclosure itself was valid, the Littlefields might have had a viable claim for damages resulting from Planet's alleged breach of the notice requirements. But in their briefs, the Littlefields asserted only that Planet's alleged breach of the mortgage's notice requirements rendered the foreclosure void. That argument is irrelevant to the breach-of-contract claim. Accordingly, the Littlefields appear to have abandoned the breach-of-contract claim on appeal.

Because the foregoing holdings are dispositive as to each of the claims before us, we do not reach the issues whether the circuit court erred in concluding that October 3 was day 1 of the 30-day cure period or whether the 30-day notice requirement was material.

## IV. Conclusion

For these reasons, we affirm the circuit court's judgment.

AFFIRMED.

Shaw, Bryan, Mendheim, and Mitchell, JJ., concur.